UNITED STATES of America

v.

Basile BAKOUROS, also known as Nickolaos Bakouros and Vasilios Bakouros.

Cr. A. No. 19354.

United States District Court
E. D. Pennsylvania.

March 28, 1958.

Harold K. Wood, U. S. Atty., Joseph J. Zapitz, Asst. U. S. Atty., Philadelphia, Pa., for plaintiff.

Lena L. Orlow, Philadelphia, Pa., for defendant.

EGAN, District Judge.

This criminal matter is before the Court without a jury. The defendant was indicted under 8 U.S.C.A. § 1326, which reads as follows:

"Any alien who—

"(1) has been arrested and deported or excluded and deported, and thereafter

"(2) enters, attempts to enter, or is at any time found in the United States, unless (A) prior to his reembarkation at a place outside the United States or his application for admission from foreign contiguous territory, the Attorney General has expressly consented to such alien's reapplying for admission; or (B) with respect to an alien previously excluded and deported, unless such alien shall establish that he was not required to obtain such advance consent under this chapter or any prior Act,

"shall be guilty of a felony, and upon conviction thereof, be punished by imprisonment of not more than two years, or by a fine of not more than $1,000, or both."

Most of the record before us was stipulated to prior to the trial of the case. For all practical purposes, only one question is open for our determination at this time.

The above statute contains four basic elements which must be considered in each prosecution thereunder. First of all, it must be proven that the defendant is an alien. Secondly, he must have been previously deported. Thirdly, he must enter, attempt to enter, or at any time thereafter be found in the United States. The above three elements have been conceded by counsel for the defense and need not be discussed in this determination. The last element concerns whether or not the defendant was given permission by the Attorney General or whether or not such permission was necessary under clause (B). To effect an exemption under clauses (A) or (B), the defendant has proven that he

was issued a Crewman's Landing Permit upon his re-arrival into the country, and it is upon this permit that he places his entire case.

█ It has been held that a permit issued by an immigration officer to a crewman is not tantamount to consent by the Attorney General, unless such authority has been proven. Lazarescu v. United States, 4 Cir., 1952, 199 F.2d 898, at page 901. The Court there stated:

"'Counsel for the defendant also argued that the Inspector in admitting the defendant as an alien seaman was exercising authority delegated to him by the Attorney General, and that because the Attorney General under the statutes had the power to grant the alien permission to re-apply for admission, it must be assumed that the official action by the Inspector was correctly based on such action. But there was no evidence that the Attorney General had granted such permission nor indeed that he had ever been requested to do so in the case of this alien.'
* * *

"Manifestly the Immigration Inspector had here no authority to admit the appellant to the United States."

It is therefore clear that the defendant here cannot successfully plead clause (A) as a defense to this prosecution.

However, counsel for the defense, apparently under clause (B), contends that the Crewman's Landing Permit issued to the defendant entitles him to be lawfully in the United States; that he would only have violated the statute had he made misrepresentations to the Immigration Officer concerning his prior deportation; that no evidence of such misrepresentations being offered, the defendant must be acquitted.

█ With this we do not agree. Even though there is no evidence to the effect that the defendant made misrepresentations concerning his prior deportation, we feel that the landing permit was nevertheless invalid. The mere fact that the defendant *concealed* his prior deportation from the Immigration officials is sufficient to render that permit invalid. Therefore it was not necessary for the Government to show that the defendant intentionally misrepresented his status. This was recognized by Judge Chesnut in his trial court opinion of the Lazarescu case, the language of which was adopted by the Court of Appeals. 199 F.2d 898, 901.

"Nor is there any evidence that he voluntarily disclosed this personally known fact to the Inspector. On the contrary it affirmatively appears by notation on the crew list that the defendant had never been deported. In these circumstances it seems idle to contend that the decision of the Inspector based on facts known to the defendant but unknown to the Inspector and misrepresented to *or concealed* from him by the defendant could constitute a basis for proper legal entry of the defendant." (Emphasis supplied.)

The landing permit being of no value, the defendant had no legal right under clause (B) to be present in the country.

In accordance with the stipulations and concessions made by counsel, the Court makes the following:

### Findings of Fact

1. The defendant, Basile Bakouros, also known as Nickolaos Bakouros, also known as Vasilios Bakouros, is an alien, born in Greece, a seaman and subject of the Kingdom of Greece.

2. The defendant has been previously arrested and deported from the United States by reason of his entry in violation of the Immigration laws of the United States, on October 17, 1955 and on April 26, 1956.

3. On September 13, 1956, the defendant re-entered the United States at which time he was issued a Crewman's Landing Permit, ostensibly authorizing a temporary stay of 29 days.

4. The foregoing Crewman's Landing Permit was issued to the defendant pursuant to the concealment of the fact that he was previously deported.

5. The defendant was found in the United States and has failed to prove that he is entitled to either of the exemptions created by the statute.

Conclusions of Law

1. This Court has jurisdiction of the defendant and the subject matter of this prosecution.

2. The evidence shows beyond a reasonable doubt that the defendant is guilty of the offense charged by the Indictment.

3. The defendant has failed to establish any situation that would exempt him from the operation of the statute under which he has been indicted.

4. The verdict of this Court is that the defendant is guilty as charged.