**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Moises CANTU, Defendant-Appellant.
No. 71–1277.**

United States Court of Appeals,
Seventh Circuit.

Argued Sept. 12, 1972.

Decided Oct. 6, 1972.

Ronald E. Hahn, Deerfield, Ill., for defendant-appellant.

James R. Thompson, U. S. Atty., Mary L. Sfasciotti and William T. Huyck, Asst. U. S. Attys., Chicago, Ill., for plaintiff-appellee.

Before HASTINGS, Senior Circuit Judge, and CUMMINGS and SPRECHER, Circuit Judges.

HASTINGS, Senior Circuit Judge.

Defendant Moïses Cantu was tried by a jury on a three-count indictment and convicted for the unlawful transport by means of a motor vehicle of three Mexican aliens who were not duly admitted by an immigration officer and were not lawfully entitled to enter or reside within the United States, in violation of Title 8, U.S.C.A. § 1324(a)(2). Following the disposition of trial and post-trial motions adversely to defendant, he was sentenced to serve four years on each of the three counts, such sentences to run concurrently with each other. Defendant appeals. We affirm.

Our examination of the record leaves us with the firm conviction that the evidence indisputably established beyond all reasonable doubt that defendant was guilty as charged and that the jury was fully warranted in so finding.

The Government presented the undisputed testimony of four Mexican aliens [1] to the effect that defendant had met each witness in Mexico and, pursuant to an arrangement there made, subsequently met each of them in Dilley, Texas, where he picked three of them up and drove them to Sterling, Illinois. There they secured employment. Each paid defendant. the agreed sum of $250 for such transportation. The evidence further established that each of the aliens freely admitted that he entered the United States illegally, evading inspection by the immigration officers, and that defendant knowingly transported three of them in furtherance of their illegal entry. The fourth witness found other transportation to Sterling, Illinois. At the conclusion of the Government's case, defendant rested without personally testifying or offering any testimony in his own defense. Defendant at all times was represented on trial and in this appeal by various court-appointed counsel.

On this appeal, defendant asserts two claimed trial errors and the unconstitutionality of Section 1324, *supra*.

Defendant first charges error in the denial of his motion to suppress evidence of his identification. The evidence in substance shows that the alien witnesses unlawfully entered the United States about February 1, 1969; that they had previously seen defendant in Mexico a few days before entry and thereafter three of them rode with him in his station wagon from Dilley, Texas to Sterling, Illinois, a non-stop trip of about 28 hours; that they spent several hours with defendant at his home in Sterling, Illinois, upon their arrival there; and that they saw defendant on frequent occasions thereafter when making payments to him for their transportation. The aliens were subsequently taken into custody by the immigration officers in Illinois in August 1969, and were interrogated as to the manner of their unlawful entry into the United States. At that time they were shown and identified a photograph of defendant. The defendant was not indicted until October 6, 1969. Subsequently, at defendant's trial all of the aliens made in-court identifications of defendant, testifying as to the times they had been with him. After the first alien witness had testified and again at the conclusion of the trial, defendant moved to suppress the identification of defendant on the ground that such identification was prejudicially tainted by the showing of the one photograph of defendant at the time of their arrest by the immigration officers. Defendant further contends that the witnesses were somehow induced to incriminate defendant by being permitted to continue working in the United States.

The showing of the one photograph to the witnesses at the time of

---

1. The four Mexican alien witnesses herein referred to encompass the three named in the three counts of the indictment.

their arrest was merely a proper investigative procedure, long before defendant's indictment, to determine whether their entry had been aided by defendant. At trial it was clearly shown that such witnesses knew and recognized defendant without hesitation. There was no danger of misidentification. Each witness was subjected to cross-examination on the pre-trial identification, without any impairment of his in-court identification or credibility. We can only conclude that, in the totality of the circumstances present here, the procedures complained of were wholly unrelated to the in-court identification. The trial court did not err in denying defendant's motion to suppress. Simmons v. United States, 390 U.S. 377, 383–386, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968); United States v. Gornick, 7 Cir., 448 F.2d 566, 568–570 (1971).

■ Defendant complains that the trial court erred in giving instruction number 22 for the reason that it did not contain all elements of the offense, lacking the element that the transportation was undertaken in furtherance of the violation of the statute. Considering the instructions given as a whole, we find this element of "furtherance of such violation" was brought to the attention of the jury in several other instructions. The jury was fairly informed of all elements of the offense and could not have been misled by instruction number 22. United States v. Bessesen, 7 Cir., 445 F. 2d 463, 468, cert. denied, 404 U.S. 984 (1971), 92 S.Ct. 448, 30 L.Ed.2d 368 Further, defendant made no objection to such instruction prior to the trial court's charge to the jury, and in fact offered no such instruction of his own. Absent a showing of "highly prejudicial" error, this issue will not be further considered here. United States v. Esquer, 7 Cir., 459 F.2d 431, 434–435 (1972).

■ Finally, defendant argues that Section 1324, *supra*, is unconstitutional because of vagueness. This claim is without merit. *See* United States v.

Sanchez-Mata, 9 Cir., 429 F.2d 1391, 1392 (1970), and cases cited therein.

The judgment of conviction is affirmed.

Affirmed.