**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Arturo GUZMAN–GUZMAN,**
**Defendant-Appellant.**

**No. 73-2537**

**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

Jan. 25, 1974.

John J. Pichinson, Corpus Christi, Tex., for defendant-appellant.

Anthony J. P. Farris, U. S. Atty., Robert Darden, Asst. U. S. Atty., Houston, Tex., for plaintiff-appellee.

Before WISDOM, AINSWORTH and CLARK, Circuit Judges.

PER CURIAM:

This direct criminal appeal raises the single issue whether the district court correctly admitted certain inculpatory statements made by Guzman-Guzman, defendant-appellant, after he had been

* Rule 18, 5 Cir.; Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

arrested and properly warned of his rights to counsel and to remain silent. He challenges the district court's conclusion that he knowingly and voluntarily waived these rights. We affirm.

Guzman-Guzman was arrested on December 15, 1972, and charged with possessing with intent to distribute one-hundred twenty-five (125) pounds of marihuana, a violation of Title 21, United States Code, Section 841(a)(1). On that date, two border patrol agents engaged in other business observed a pick-up truck which appeared to be on fire, parked along the side of U.S. Highway 281, approximately three miles north of Premont, Texas. As the agents approached to render assistance, the driver got into the truck and drove off, leaving behind a smoldering pile of marihuana. The agents gave chase, and apprehended the driver of the truck, who was subsequently identified as the appellant.

Guzman-Guzman was arrested and advised of his rights, which he acknowledged that he understood. A search of the truck revealed bricks of marihuana in the cab and under the hood, whereupon Guzman-Guzman was turned over to customs agents to be taken to Corpus Christi, Texas for incarceration. During the drive to Corpus Christi, the customs agents again gave the appellant his *Miranda* warnings, and he again acknowledged that he understood them. He then admitted that he had purchased the marihuana in Mexico for three thousand dollars ($3000) and identified the seller, and also confessed that he had intended to take the marihuana to Houston to sell it. At trial, the defendant's counsel objected to the admission of these statements on the ground that his client had not knowingly and intelligently waived the constitutional rights of which he had been warned. His objections were overruled and the statements admitted. On May 2, 1973, Guzman-Guzman was found guilty by a jury verdict and sentenced to serve four years in prison and a special parole term of two years.

■■ The contention that the voluntary waiver requirements of Miranda v. Arizona, 1966, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, were not met here is without merit. The proper construction of *Miranda* in such cases was fully elaborated in United States v. Montos, 5 Cir. 1970, 421 F.2d 215, 224, cert. denied, 397 U.S. 1022, 90 S.Ct. 1262, 25 L. Ed.2d 532:

> When a defendant warned of his rights makes statements without a lawyer present, the prosecution may use these statements at trial only if it sustains its "heavy burden" of demonstrating that the defendant "knowingly and intelligently waived his privilege against self-incrimination and his right to retained or appointed counsel." Miranda v. Arizona, 384 U.S. 436, 475, 86 S.Ct. 1602, 1628, 16 L. Ed.2d 694 (1966). *See also* Gilpin v. United States, 5 Cir. 1969, 415 F.2d 638; Moll v. United States, 5 Cir., 1969, 413 F.2d 1233. . . . An express statement that the individual does not want a lawyer is not required, however, to show that the individual waived his right to have one present. *See* Bond v. United States, 10 Cir., 1968, 397 F.2d 162, 165. All that the prosecution must show is that the defendant was effectively advised of his rights and that he then intelligently and understandingly declined to exercise them. *See* Carnley v. Cochran, 369 U.S. 506, 516, 82 S.Ct. 884, 890, 8 L.Ed.2d 70 (1962).

■ Here, the Government met its "heavy burden" by producing three witnesses who testified that the defendant was twice advised of his rights and that he twice acknowledged that he understood them. Guzman-Guzman did not contradict this testimony at trial. As in *Montos,* the two sets of warnings, admittedly understood, "effectively advised [the defendant] of his rights and

. . . he then intelligently and understandingly declined to exercise them," and made a seriously incriminating statement. In these circumstances, the admission of such a statement constitutes no affront to *Miranda*.

The judgment appealed from is affirmed.