### UNITED STATES of America, Plaintiff-Appellee,

### v.

### Isaac Garza RODRIGUEZ, Defendant-Appellant.

### No. 75–2151 Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Nov. 20, 1975.

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir. 1970, 431 F.2d 409, Part I.

Abel Toscano, Jr., Harlingen, Tex., for defendant-appellant.

Edward B. McDonough, Jr., U. S. Atty., Anna E. Stool, James R. Gough, Asst. U. S. Attys., Houston, Tex., for plaintiff-appellee.

Before THORNBERRY, MORGAN and RONEY, Circuit Judges.

PER CURIAM:

Isaac Garza Rodriguez appeals from a conviction by a jury in a United States District Court of receiving a firearm in commerce after having been convicted of a felony. 18 U.S.C. App. § 1202(a).

Mr. Rodriguez contends (1) that the district court erred in failing to suppress evidence, a handgun, taken from his car without a warrant; (2) that the district court should have suppressed incriminating statements made by appellant after he was given insufficient *Miranda* warnings; (3) that the district court committed error in unduly limiting appellant's cross-examination of government witnesses, Courtney and George Rodriguez, and in limiting appellant's presentation of facts relevant to the issue of voluntariness; (4) that the district court failed to properly instruct the jury as to the voluntariness of incriminating statements made by appellant; and (5) that the district court improperly instructed the jury with regard to circumstantial evidence.

A brief factual background is necessary to a discussion of issues (1) and (2). On June 15, 1973, Drug Enforcement Administration agent Courtney was notified that appellant had been indicted for a narcotics violation and a bench warrant had been issued for his arrest. Courtney found appellant at a cafe with a friend. He identified himself and

asked appellant to come outside. Appellant was told that he was under arrest, and given his *Miranda* warnings in Spanish. According to Courtney, appellant affirmatively indicated that he understood his rights. Courtney then asked appellant what he wanted to do with his car. Appellant said that the friend with whom he was drinking coffee would drive it home. When asked if there were money, valuables, or weapons in the car, appellant stated that there was a gun in the glove compartment. An agent took the gun from the car. Appellant stated that he had bought the revolver in Corpus Christi from an unknown person and had owned it for a couple of months.

■ Appellant urges that since he was not arrested for violating § 1202, he should have been given a separate set of warnings before he was asked whether he had a firearm in his car. There was no need to give the warnings a second time, since according to uncontradicted testimony, appellant indicated that he understood them. *United States v. Guzman-Guzman,* 488 F.2d 965 (5 Cir. 1974). Appellant's subsequent statements to the agents constituted a voluntary waiver of his rights. *United States v. Guzman-Guzman,* 488 F.2d at 966, *citing United States v. Montos,* 421 F.2d 215, 224 (5 Cir. 1970), *cert. denied,* 397 U.S. 1022, 90 S.Ct. 1262, 25 L.Ed.2d 532 (1970). The admission in evidence of such statements by the district court was proper.

■ Likewise, appellant's contention that Courtney should have obtained a warrant before searching his car is incorrect. The inquiry about weapons was a routine one made for the protection of the officers. In view of the statements made by appellant after he had been advised of his rights, the agents had probable cause to search his car. Where there is probable cause to search an automobile, an immediate search is constitutionally permissible. *Chambers v. Maroney,* 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970), *citing Carroll v. United States,* 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925). Therefore, the dis-

trict court properly denied appellant's motion to suppress the gun.

■ Appellant's third contention is that the district court erred in limiting appellant's cross-examination of the government's witnesses and presentation of facts material to the issue of voluntariness. After examining the record, we have determined that the testimony that appellant's counsel was trying to elicit from agent Courtney was relevant only to his motive for asking Mr. Rodriguez if he had a weapon in his car, and not to the issue of voluntariness. Likewise, the record reveals that appellant's counsel fully cross-examined Mr. Courtney on the issue of voluntariness in trial, so not questioning him on voluntariness on voir dire did not limit appellant's presentation of the facts.

■ Appellant's fourth contention is that the district court erred in failing to properly instruct the jury on the issue of voluntariness of the incriminating statements made by appellant. Appellant feels that the court should have stated in its charge that the burden of proof was upon the government to prove voluntariness. A court's charge complies with 18 U.S.C. § 3501 if the court instructs the jury to give such weight to the confession as the jury feels it deserves under all the circumstances. *United States v. Adams,* 484 F.2d 357 (7 Cir. 1973). We feel that the district court's charge in the case at hand adequately complied with the requirements of 18 U.S.C. § 3501(a).

■ Appellant's final contention is that the district court erred when it denied special written instructions to the jury on the law of circumstantial evidence. According to the United States Supreme Court case of *Holland v. United States,* 348 U.S. 121, 75 S.Ct. 127, 99 L.Ed. 150 (1954), it is not necessary for a trial judge to instruct the jury that ". . . where the Government's evidence is circumstantial it must be such as to exclude every reasonable hypothesis other than that of guilt." ". . . the better rule is that where the jury is

properly instructed on the standards for reasonable doubt, such an additional instruction on circumstantial evidence is confusing and incorrect." 348 U.S. at 138–139, 75 S.Ct. at 137. This court has followed *Holland* in not requiring the instruction that appellant suggests is proper. *United States v. Stokes,* 471 F.2d 1318, 1321 (5 Cir. 1973). In the present case, the record reveals that the trial court properly instructed the jury on reasonable doubt; therefore, there was no need for an additional instruction on circumstantial evidence.

The judgment of the district court is affirmed.