**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Eugene LESLIE, Defendant-Appellant.**

No. 83–3719.

United States Court of Appeals,
Fifth Circuit.

March 23, 1987.

Robert Glass, New Orleans, La., for defendant-appellant.

Fred P. Harper, Jr., Howat A. Peters, Jr., Harry McSherry, Asst. U.S. Attys., Sidney M. Glazer, Dept. of Justice, Washington, D.C., John P. Volz, U.S. Atty., New Orleans, La., for plaintiff-appellee.

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before CLARK, Chief Judge, BROWN, GEE, RUBIN, REAVLEY, POLITZ, RANDALL, JOHNSON, WILLIAMS, GARWOOD, JOLLY, HIGGINBOTHAM, DAVIS, HILL, and JONES, Circuit Judges.

GARWOOD, Circuit Judge:

This case is now before us on remand from the United States Supreme Court. After our en banc affirmance of appellant Leslie's conviction, *United States v. Leslie,* 783 F.2d 541 (5th Cir.1986), Leslie petitioned the Supreme Court for writ of certiorari. The Court, on February 23, 1987, entered the following order on Leslie's petition:

"The petition for a writ of certiorari is granted. The judgment is vacated and the case is remanded to the United States Court of Appeals for the Fifth Circuit for further consideration in light of *Griffith v. Kentucky,* 479 U.S. —— [107 S.Ct.

708, 93 L.Ed.2d 649] (1987)." *Leslie v. United States,* — U.S. ——, 107 S.Ct. 1267, 94 L.Ed.2d 128 (1987).

*Griffith v. Kentucky,* — U.S. ——, 107 S.Ct. 708, 93 L.Ed.2d 649 (1987), held that, with respect to complaints of prosecution use of peremptory challenges to strike members of the defendant's race from the jury, *Batson v. Kentucky,* — U.S. ——, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), applied to cases tried before *Batson* but still on direct review when *Batson* was handed down on April 30, 1986. This contrasts to the holding of *Allen v. Hardy,* — U.S. ——, 106 S.Ct. 2878, 92 L.Ed.2d 199 (1986), that *Batson* is not to be applied on federal habeas to cases where trial and direct review were completed before *Batson.* We hold that *Batson* must be applied in this case, for it is indistinguishable from *Griffith.* In *Griffith,* as here, the defendant's petition for certiorari was pending in the United States Supreme Court when *Batson* was handed down. We recognize that *Batson, Griffith,* and *Allen* each involved state convictions, and that *Batson* expressly rests on the equal protection clause of the Fourteenth Amendment, which is applicable to the States but not to the United States, while the case at bar is a federal prosecution. Nevertheless, the Fifth Amendment's due process clause, applicable to the United States, has been construed to implicitly include an equal protection guaranty generally as broad as that of the Fourteenth Amendment. *See, e.g., Buckley v. Valeo,* 424 U.S. 1, 96 S.Ct. 612, 670, 46 L.Ed.2d 659 (1976). *Cf. Hampton v. Mow Sun Wong,* 426 U.S. 88, 96 S.Ct. 1895, 1903, 48 L.Ed.2d 495 (1976). Therefore, we hold that *Batson* governs the present issue of the complained of prosecution peremptory challenges of jurors of defendant's race.

Accordingly, the case is remanded to the district court, with directions that it hold a hearing respecting the prosecution's use of its peremptory challenges, at which time the prosecution will submit its explanations for its referenced challenges and, as may be appropriate, other evidence may be considered. The district court will then make findings under *Batson.* If the district court determines that the prosecution's peremptory challenges violated *Batson,* a new trial shall be ordered; otherwise, the conviction will remain in effect. Either party may appeal the district court's decision. Our affirmance of Leslie's conviction against all other objections remains in effect.

REMANDED.