United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 16, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-30178
Summary Calendar

VINCENT LEWIS,

                                        Plaintiff-Appellant,

versus

SAMUEL POOLE; CITY OF NEW ORLEANS,

                                        Defendants-Appellees.

---------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 02-CV-2783-N
---------------------

Before JONES, BARKSDALE and PRADO, Circuit Judges.

PER CURIAM:[*]

    Vincent Lewis filed a complaint under 42 U.S.C. § 1983 against Samuel Poole and the City of New Orleans.  At jury selection, Lewis challenged the defendants' use of peremptory strikes under Batson v. Kentucky, 476 U.S. 79 (1986).  Defense counsel stated that he struck two jurors on "instinct."  The magistrate judge denied Lewis's Batson challenge.

    Following a verdict for the defendants, Lewis sought a new trial based on an asserted Batson violation.  Over Lewis's

---

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

objection, the magistrate judge conducted an evidentiary hearing to allow defense counsel to put on the record additional reasons for striking two jurors.  Defense counsel stated that the jurors had been struck because they were from an area of Louisiana that was notoriously plaintiff-friendly, and because they held lower income, traditionally subservient jobs.  The magistrate judge determined that there had been no <u>Batson</u> violation and denied Lewis's motion.  Lewis timely appealed.

Lewis argues that the magistrate judge erred by accepting "instinct" as an explanation for the peremptory strikes.  He also contends that the magistrate judge erred in permitting defense counsel to put additional reasons on the record.

The "decisions of this court have made it plain that the process of choosing a jury may be influenced by the 'intuitive assumptions' of the attorneys."  <u>United States v. Bentley-Smith</u>, 2 F.3d 1368, 1374 (5th Cir. 1993).  As no discriminatory intent is inherent in defense counsel's explanation that he relied on "instinct," the explanation must be deemed race-neutral.  <u>See</u> <u>Purkett v. Elem</u>, 514 U.S. 765, 767-68 (1995).  In addition, the magistrate judge did not abuse her discretion in conducting an evidentiary hearing to allow defense counsel to further specify on the record additional reasons for his peremptory challenges. <u>See</u> <u>United States v. Romero-Reyna</u>, 889 F.2d 559, 561 n.6 (5th Cir. 1989).

The judgment of the district court is AFFIRMED.