United States Court of Appeals
Fifth Circuit

**F I L E D**

September 7, 2006

Charles R. Fulbruge III
Clerk

REVISED SEPTEMBER 8, 2006
IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-30572

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CLEVELAND JYNES,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:03-CR-00279-1
--------------------

Before HIGGINBOTHAM, DENNIS, and CLEMENT, Circuit Judges.

PER CURIUM :[*]

Cleveland Jynes contends on appeal that prosecution's exercise of its peremptory challenges against six African-American venire persons violated the principles

-----

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

of <u>Batson v. Kentucky</u>, 476 U.S. 79 (1986). Specifically, Jynes points to the striking of two particular African-American jurors, Ivy Hill and Glenda Price. The prosecutors asserted several reasons as to both Hill's and Price's exclusion from the jury pool.

It is well-settled that the Equal Protection Clause forbids a prosecutor's challenge of potential jurors solely on account of their race. In determining whether a prosecutor has used a peremptory challenge in violation of <u>Batson</u>, we must respect the dictated standard of review while analyzing the facts under the <u>Batson</u> burden shifting structure.

### Standard of Review

Imperative to our decision in this case is the applicable standard of review. Where a district court has "entertained and ruled on a defendant's motion charging a <u>Batson</u> violation,...we apply a 'clearly erroneous' or 'great deference' standard of review." <u>U.S. v. Terrazas-Carrasco</u>, 861 F.2d 93, 94 (5th Cir. 1988). This is the case "since findings in this context largely turn on an evaluation of the credibility or

demeanor of the attorney who exercises the challenge."
U.S. v. Bentley-Smith, 2 F.3d 1368, 1373 (5th Cir. 1993).

## Analysis

Batson and its progeny provide a three-step inquiry for a claimant's challenge to a peremptory strike based on race. First, the claimant must make a prima facie showing that the prosecutor was motivated by race in exercising the peremptory challenge. Second, the burden of production[1] shifts to the prosecutor to come forth with a race-neutral explanation for the strike. Third, the court must determine whether the claimant has carried his burden of proving purposeful discrimination.

*The First Step.* The claimant must illustrate that the totality of the relevant facts gives rise to an inference of discriminatory purpose. Johnson v. California, 125 S.Ct. 2410, 2416 (2005). As noted in Johnson:

> (1) a claimant must show that he belongs to a cognizable racial group and that the prosecutor has exercised peremptory challenges to remove co-members of his race from the venire members;

---

[1] The ultimate burden of persuasion remains, at all times, with the claimant.

(2) the claimant may rely on the fact that peremptory challenges constitute a jury selection practice that permits those with intent to discriminate the opportunity to do so; and
(3) the claimant must show that these facts and any other relevant circumstances raise an inference that the prosecutor used that practice to exclude the veniremen on account of race.[2]

The court should consider all relevant circumstances in determining whether the prima facie case can be established including a pattern of strikes against jurors of a certain race and a party's statements and questions during voir dire. Brown v. Kinney Shoe Corp., 237 F.3d 556, 560 (5th Cir. 2001). However, there is no intent for "...[t]he first step to be so difficult as to require the claimant to persuade the judge...that the challenge was more likely than not the product of purposeful discrimination." Johnson, 125 S.Ct. at 2412.

In the case at bar, claimant Jynes has made his prima facie showing. As an African-American, he is a member of a cognizable racial group, and further, the prosecutors used all six of their peremptory challenges to remove African-Americans from the jury pool. That alone is

---

[2] Johnson v. California, 125 S.Ct. 2410, 2416-17 (2005).

enough to raise the inference of purposeful discrimination.

*The Second Step.* Once the claimant has satisfied the showing of a prima facie case, the burden of production shifts to the prosecutor to show a race-neutral explanation for the strikes against those jurors in the arguably targeted class. Race-neutral simply means something besides race. Hernandez v. New York, 111 S.Ct. 1859, 1866 (1991). The prosecutor must give clear and reasonably specific explanations of his legitimate reasons for exercising peremptory challenges, Miller-El v. Dretke, 125 S.Ct. 2317, 2324 (2005); however, the explanations need not be persuasive or even plausible at this step. Purkett v. Elem, 115 S.Ct. 1769, 1771 (1995). The prosecutor should easily be able to fulfill this phase because "[u]nless a discriminatory intent is inherent in the prosecutor's explanation, the reason offered will be deemed race-neutral." Id. (citing Hernandez, 111 S.Ct. at 1866).

In the instant case, the prosecutors gave several race-neutral reasons for the strikes. As to Hill, the

prosecutors asserted: (1) her menial job (and inferential poverty); (2) her residence in New Orleans; (3) her presumptive run-ins with the police; and (4) her outspoken manner of speaking. Certainly, the first, second, and fourth reasons are race-neutral in that they are something besides race. Though the third reason is presumptuous, as the prosecutor seems to be implying that those who work in menial jobs, are poor, and live in New Orleans are more likely to have run-ins with the police, it is not necessarily a race-based stereotype, i.e., it could apply just as easily to races other than African-Americans. As to Price, the prosecutor provides the following reasons for the strike: (1) her menial job; (2) crime in the location of her employment; (3) her outspoken nature; (4) her loud, firm voice; and (5) the prosecutor's own "instinct." All of these reasons clearly are "something other than race." Accordingly, the prosecutors have survived this phase of the analysis.

*The Third Step.* The district court judge must determine whether the claimant has carried his burden of proving purposeful discrimination. The ultimate question

in a <u>Batson</u> challenge is whether the prosecutor's justifications are persuasive to the judge. <u>Miller-El v. Cockrell</u>, 123 S.Ct. 1029, 1040, (2003). In <u>U.S. v. Bentley-Smith</u>, 2 F.3d 1368, 1375, (1993), the court explained, "[t]he ultimate inquiry for the judge is not whether counsel's reason is suspect, or weak, or irrational, but whether counsel is telling the truth in his or her assertion that the challenge is not race-based." "Credibility can be measured by, among other factors, the prosecutor's demeanor; by how reasonable, or how improbable, the explanations are; and by whether the proffered rationale has some basis in accepted trial strategy." <u>Id</u>. at 1040.

In the case at bar, the district judge concluded that the claimant failed to satisfy this burden. Such a conclusion is entitled to great weight and deference. Further, case law within this Circuit supports the prosecution's use of employment, residence, outspokenness, and loud voice as race-neutral reasons to allow the strike.

*Residence, Employment, Instinct*

7

In <u>Lewis v. Poole</u>, 114 Fed. Appx. 144 (5th Cir. 2004), an unpublished opinion, this court affirmed a district court finding of no <u>Batson</u> violation. In <u>Lewis</u>, defense counsel stated that the jurors had been struck because they were from an area of Louisiana that was notoriously plaintiff-friendly, and because they held lower income, traditionally subservient jobs.[3] Further, the defense attorney relied on "instinct" as an explanation for the peremptory strikes. The court accepted this explanation, noting "the 'decisions of this court have made it plain that the process of choosing a jury may be influenced by the "intuitive assumptions" of the attorneys.'" <u>Id.</u> at 145 (citing <u>Bentley-Smith</u> at 1374). As no discriminatory intent is inherent in defense counsel's explanation that he relied on "instinct," the explanation must be deemed race-neutral. <u>Id.</u> (referencing <u>Purkett</u>). Like defense counsel in <u>Lewis</u>, the prosecution based its decision to strike, in part, on

---

[3] <u>See also, U.S. v. Pofahl,</u> 990 F.2d 1456 (5th Cir. 1993) where this Court held that the prosecutor's desire to exclude venire persons who earned low wages and were not employed full time was sufficient.

Hill and Price's residence in New Orleans, menial jobs, and their own instinct.

*Outspoken and Loud Voice:*

In <u>Washington v. Johnson</u>, 90 F.3d 945, 953 (5th Cir. 1996), the court held that the prosecutor's perception of a juror as strong-willed and obstinate, among other factors, was a legitimate ground for a peremptory strike. Similar to the prosecutor in <u>Washington</u>, who found a prospective juror to be "strong-willed" and "obstinate," the prosecutors in the instant case alleged that Hill and Price seemed "outspoken." They further explained that Price had a "loud voice."

The record contains little to no evidence to support this assertion. However, outspokenness and loud voices are not assertions easily gleaned from reading words on paper and are more easily discernible by presence in the courtroom. Since the district judge was present and observed these exchanges, we must give her the requisite deference and accept her finding.

## Conclusion

Though defendant Jynes made his prima facie showing of an inference of discriminatory purpose, as required by <u>Batson</u>, the government rebutted it with numerous race-neutral explanations. The jurisprudence in this Circuit allows acceptance of the reasons asserted. Further, given the high degree of deference to the district court demanded in the review of a district court's conclusion regarding a <u>Batson</u> challenge, the government has met its requisite burden. The district court's conclusion is AFFIRMED.