United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 1, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-41371
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

ROBERTO DIAZ-RIVERA

Defendant - Appellant

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:05-CR-377-ALL
--------------------

Before KING, HIGGINBOTHAM, and GARZA, Circuit Judges.

PER CURIAM:[*]

Roberto Diaz-Rivera (Diaz) was convicted by a jury of possession with intent to distribute approximately 5,763 kilograms of marijuana. He was sentenced to an 190-month term of imprisonment and to a five-year period of supervised release. Diaz gave timely notice of his appeal.

Diaz was arrested after marijuana was discovered in the trailer of the tractor/trailer he was driving through the Border Patrol checkpoint, at Falfurrias, Texas. Diaz contends that, because the marijuana was hidden in the trailer, the district

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

court should have instructed the jury that knowing possession of the tractor/trailer was insufficient to prove that he knew that the trailer contained marijuana.

In exercising its "broad discretion in fashioning the charge," the district court must determine whether the charge is "legally accurate and factually supportable; the court may not instruct the jury with a charge that lacks an evidentiary predicate." United States v. Moreno, 185 F.3d 465, 476 (5th Cir. 1999). In this case, a constructive-possession instruction was supported by the facts because the marijuana was concealed from view and did not emit a noticeable odor. See PATTERN CRIM. JURY INSTR. 5TH CIR. 1.31 (West 2001) (Note); United States v. Pennington, 20 F.3d 593, 598 (5th Cir. 1994).

Because the Government introduced substantial evidence showing Diaz's guilty knowledge, however, any error on the part of the district court in refusing to instruct the jury that it could not find that Diaz knew of the drugs based on his control of the vehicle alone was harmless. See United States v. Terrazas-Carrasco, 861 F.2d 93, 95 (5th Cir. 1988). Diaz's nervousness, inconsistent statements, and implausible stories provided ample additional evidence of his guilty knowledge. See Pennington, 20 F.3d at 598. The judgment is AFFIRMED.