**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4323**

UNITED STATES OF AMERICA,

         Plaintiff - Appellee,

   v.

TSOMORLIG BATJARGAL, a/k/a Somoun,

         Defendant - Appellant.

**No. 08-4324**

UNITED STATES OF AMERICA,

         Plaintiff - Appellee,

   v.

LLOYD W. MINER, a/k/a Rico,

         Defendant - Appellant.

Appeals from the United States District Court for the Eastern District of Virginia, at Alexandria. Liam O'Grady, District Judge. (1:07-cr-00190-LO-2; 1:07-cr-00190-LO-1)

Submitted:  August 25, 2008     Decided:  December 8, 2008

Before TRAXLER and GREGORY, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———————————

Affirmed by unpublished per curiam opinion.

———————————

Cristin Traylor, MCGUIREWOODS, LLP, Richmond, Virginia; Mark Diamond, Richmond, Virginia, for Appellants. Chuck Rosenberg, United States Attorney, Ronald L. Walutes, Jr., Assistant United States Attorney, Alexandria, Virginia, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In these consolidated appeals, Tsomorlig Batjargal and Lloyd W. Miner challenge their convictions. Miner also challenges his sentencing. After a jury trial, Batjargal was convicted of one count of conspiracy to commit fraud with an identification document, in violation of 18 U.S.C.A. § 1028(a)(1), (b)(1)(A)(ii) and (f) (West 2000 & Supp. 2008), and Miner was convicted of one count of concealing, harboring or shielding from detection an illegal alien, in violation of 8 U.S.C. § 1324(a)(1)(A)(iii) and (a)(1)(B)(ii) (2006) and one count of encouraging an illegal alien to enter and reside in the United States, in violation of 8 U.S.C. § 1324(a)(1)(A)(iv) and (a)(1)(B)(ii) (2006). Both Appellants challenge the sufficiency of the evidence supporting the convictions. Batjargal also claims the district court erred by denying her motion for a mistrial or in the alternative, a severance, based on remarks made by Miner's counsel during his opening and closing statements. Miner claims the court erred by admitting photographic evidence of trips he took with a friend. He also challenges remarks made by the prosecutor during the closing argument. In addition, he claims the district court erred by applying a two-level enhancement for obstruction of justice. Finding no error, we affirm.

We review the district court's denial of a motion for judgment of acquittal de novo, and its ruling on a motion for a new

3

trial for abuse of discretion.  See United States v. Smith, 451 F.3d 209, 216 (4th Cir. 2006); United States v. Ryan-Webster, 353 F.3d 353, 359 (4th Cir. 2003).  A defendant challenging the sufficiency of the evidence faces a heavy burden.  United States v. Beidler, 110 F.3d 1064, 1067 (4th Cir. 1997).  "[A]n appellate court's reversal of a conviction on grounds of insufficient evidence should be confined to cases where the prosecution's failure is clear."  United States v. Jones, 735 F.2d 785, 791 (4th Cir. 1984).  A jury's verdict must be upheld on appeal if there is substantial evidence in the record to support it.  Glasser v. United States, 315 U.S. 60, 80 (1942).  In determining whether the evidence in the record is substantial, this court views the evidence in the light most favorable to the government, and inquires whether there is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt.  United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996) (en banc).  In evaluating the sufficiency of the evidence, this court does not review the credibility of the witnesses and assumes that the jury resolved all contradictions in the testimony in favor of the government.  United States v. Romer, 148 F.3d 359, 364 (4th Cir. 1998).

We find there was sufficient evidence supporting Batjargal's conviction.  The evidence showed she traveled to Washington State because it was easier to get a driver's license

4

there than it would have been to renew her license in Virginia. Batjargal never lived in Washington State, nor did she intend on living there in the future. In addition, in order to get her Washington State driver's license, she used a friend's Washington State address as her place of residence. In addition to allowing her to use her address, her friend took her to the DMV so she could get her license.

With respect to Miner, we find sufficient evidence shows that he knew Batjargal was no longer in the United States legally because she was no longer attending school as was required under her student visa. The evidence further shows Miner encouraged her to stay in the United States despite her illegal status and that he harbored her by providing her with a place to live, an automobile, a cell phone, auto insurance and gym membership. We find Miner's argument that the statute is unconstitutional because it is vague to be without merit. See United States v. Terrazas-Carrasco, 861 F.2d 93, 96-97 (5th Cir. 1988); United States v. Gonzalez-Hernandez, 534 F.2d 1353, 1354 (9th Cir. 1976); United States v. Cantu, 501 F.2d 1019, 1021 (7th Cir. 1972).

Batjargal claims that Miner's counsel's statement during his opening remarks violated her right against self-incrimination because he stated she would testify. The Fifth Amendment right against self-incrimination protects a defendant's decision not to testify. Comments made during a trial regarding a defendant's

5

decision not to testify may be harmful if the comments invite the jury to infer guilt from the defendant's decision not to testify. See Lakeside v. Oregon, 435 U.S. 333, 338-39 (1978). The inference of guilt may compel a defendant to testify. Id. at 339. We find Batjargal was not prejudiced by counsel's remark. The statement did not violate her Fifth Amendment right not to testify. Nor did the statement infer that she was guilty if she chose not to testify. Moreover, the evidence establishing her guilt was overwhelming. Thus, we find the court did not abuse its discretion by denying the motion for a mistrial. United States v. Wallace, 515 F.3d 327, 330 (4th Cir. 2008) (stating standard of review).

We further find the district court did not abuse its discretion by denying the motion for severance. Zafiro v. United States, 506 U.S. 534, 541 (1993); United States v. Khan, 461 F.3d 477, 490 (4th Cir. 2006). Batjargal was not unfairly prejudiced by the joinder. We also find Miner's counsel's statement during the summation was not improper. The evidence supported counsel's argument that Batjargal conspired with another individual. Furthermore, the indictment charged Batjargal and Miner with conspiring and agreeing to together and "with other persons known to the grand jury" unlawfully produce an identification document. We also find the defenses put forth by Batjargal and Miner were not irreconcilable. Their defenses did not rely on accusing the other of the offense.

6

Miner challenges the district court's decision to admit certain photographs showing him on vacation with a Government witness who was testifying with hope of getting a lower sentence for convictions, none of which involved Miner. We review the district court's admission of evidence for an abuse of discretion. See United States v. Hodge, 354 F.3d 305, 312 (4th Cir. 2004). An abuse of discretion occurs "only when it can be said that the trial court acted arbitrarily or irrationally in admitting evidence." United States v. Williams, 445 F.3d 724, 732 (4th Cir. 2006) (internal quotation marks and citation omitted). Evidentiary rulings are subject to harmless error analysis. United States v. Brooks, 111 F.3d 365, 371 (4th Cir. 1997). We find the district court did not abuse its discretion by finding the photographs were relevant and that the probative value was not substantially outweighed by the danger of unfair prejudice.

We further find that the prosecutor's closing remarks were not improper. A claim of prosecutorial misconduct is reviewed to determine whether the conduct complained of so infected the trial with unfairness as to make the resulting conviction a denial of due process. United States v. Scheetz, 293 F.3d 175, 185 (4th Cir. 2002). To prevail under this standard, Miner must show that "the prosecutor's remarks or conduct were improper and, second . . . that such remarks or conduct prejudicially affected his substantial rights" so as to deprive him of a fair trial. Id.

Whether prejudice exists is in turn established by the following: (1) the degree to which the prosecutor's remarks had a tendency to mislead the jury; (2) whether the remarks were isolated or extensive; (3) the strength of competent proof introduced to establish defendant's guilt; (4) whether the prosecutor's remarks were invited by the improper conduct of defense counsel; and (5) whether curative instructions were given. Id. at 186. No one factor is dispositive. United States v. Wilson, 135 F.3d 291, 299 (4th Cir. 1998). Even if the statements were improper, Miner failed to show he was prejudiced.

Miner also challenges the district court's decision to enhance his offense level by two for obstructing justice under U.S. Sentencing Guidelines § 3C1.1 (2007). The district court's factual findings supporting the obstruction of justice enhancement are reviewed for clear error. United States v. Kiulin, 360 F.3d 456, 460 (4th Cir. 2004). Questions of law regarding the district court's application of the Sentencing Guidelines are reviewed de novo. United States v. Green, 436 F.3d 449, 456 (4th Cir. 2006). Pursuant to the remedial portion of United States v. Booker, 543 U.S. 220 (2005), district courts continue to make this determination based on the preponderance of the evidence, taking into account that the resulting guidelines range is advisory only. United States v. Morris, 429 F.3d 65, 72 (4th Cir. 2005). Thus, the conduct for which Miner received the enhancement was not

required to be charged in the indictment or proven beyond a reasonable doubt. We further find the obstructive conduct, which was supported by a preponderance of the evidence, was related to the convictions. Accordingly, the district court did not abuse its discretion by applying the two level enhancement.

Accordingly, we affirm the convictions and sentences. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED