UNITED STATES of America, Appellee,

v.

Brigido SANCHEZ–MATA, Appellant.

No. 25304.

United States Court of Appeals, Ninth Circuit.

Aug. 3, 1970.

Douglas S. Stanley (argued), Tom Cole, Westover, Keddie & Choules, Yuma, Ariz., for appellant.

Richard S. Burke (argued), U. S. Atty., N. Warner Lee, Ass't. U. S. Atty., Phoenix, Ariz., for appellee.

Before KOELSCH and CARTER, Circuit Judges, and HALL,* District Judge.

PER CURIAM:

The Immigration officers lawfully stopped the car driven by the defendant and lawfully interrogated the persons therein. Title 8, U.S.C., Sec. 1357.

The conversations with the back-seat aliens were in the presence of the defendant and were not hearsay.

The evidence as to whether Sandoval (the illegally transported alien) was illegally in the Country was conflicting and was resolved by the jury whose verdict as triers of the fact this appellate court will not disturb. The admission of the evidence of simultaneous violations of transporting other aliens was not error. Gianotos v. United States (9 Cir. 1939), 104 F.2d 929; Schwartz v. United States (9 Cir. 1947), 160 F.2d 718; Parker v. United States (9 Cir. 1968), 400 F.2d 248, cert. den. 393 U.S. 1097, 89 S.Ct. 892, 21 L.Ed.2d 789.

The orally requested instruction was properly refused. F.R.Crim.P. 30; Local Rules, District of Arizona No. 25. Moreover, the subject of the orally requested instruction was fully covered by the instructions given.

The claim of unconstitutionality of Title 8, U.S.C., Sec. 1324(a) (2), is frivolous. Herrera v. United States (9 Cir. 1953), 208 F.2d 215, certiorari denied 347 U.S. 927, 74 S.Ct. 529, 98 L.Ed. 1080; Bland v. United States (5 Cir. 1962), 299 F.2d 105, hold the statute is valid.

The judgment of the lower court is affirmed.