UNITED STATES of America,
Plaintiff-Appellee,

v.

Hilario GONZALEZ–HERNANDEZ,
Defendant-Appellant.

No. 75–3497.

United States Court of Appeals,
Ninth Circuit.

April 13, 1976.

Rehearing Denied May 12, 1976.

Richard T. Griffin, Griffin, Griffin & Jackson, Pasadena, Cal., for defendant-appellant.

Douglas F. Graham, Asst. U.S. Atty., Seattle, Wash., for plaintiff-appellee.

OPINION

Before: WRIGHT and CHOY, Circuit Judges, and WHELAN,* District Judge.

* Honorable Francis C. Whelan, United States District Judge for the Central District of California, sitting by designation.

PER CURIAM:

In a trial to the court on stipulated facts, appellant was convicted on two of five counts of transporting illegal aliens. The aliens had crossed the border from Mexico without inspection or detection, then were driven from California to Washington by appellant. They paid him for their transportation, and appellant knew they were in the country illegally and had entered within the past three years.

■ Appellant argues that the statute [8 U.S.C. § 1324(a)(2)] is unconstitutionally vague. The claim is frivolous. *United States v. Sanchez-Mata*, 429 F.2d 1391 (9th Cir. 1970).

■ Next, he contends that the statute was not intended to apply to those who transport aliens, already illegally within the country, to an area where there are employment opportunities. This, too, lacks merit. To convict under the statute, the government need prove only that (1) appellant transported an· alien within the United States, (2) the alien had not been lawfully admitted or was not lawfully entitled to enter, (3) this was known to appellant, (4) he knew the alien's last entry was within three years, and (5) appellant acted willfully in furtherance of the alien's violation of the law.

■ That the alien's ultimate purpose, to find work, was a lawful one does not provide a defense to one whose guilt has been established under the foregoing five elements. *United States v. Acosta de Evans*, 531 F.2d 428 (9th Cir. 1976).

■ Appellant's contention that it was arbitrary and capricious to specifically exempt the employers of illegal aliens from the reach of the statute, even if accepted, does him no good. The proviso exempting employers applies only to the offense of harboring. Appellant was convicted of transporting illegal aliens. Thus, even if his contention were correct, he does not benefit from it. Since the alleged error is not being applied to appellant's detriment, he may not be heard to complain of it.

*Herrara v. United States*, 208 F.2d 215, 217–18 (9th Cir. 1953).

AFFIRMED.