UNITED STATES of America,
Plaintiff-Appellee,

v.

Encarnacion MORENO,
Defendant-Appellant.

No. 77–1327.

United States Court of Appeals,
Ninth Circuit.

Sept. 30, 1977.

David H. Leonard, argued, Salem, Or., for defendant-appellant.

Robert M. Taylor, U. S. Atty., argued, Harry J. McCarthy, Asst. U. S. Atty., Seattle, Wash., for plaintiff-appellee.

Before MERRILL and TRASK, Circuit Judges, and TAKASUGI, District Judge.[*]

* Honorable Robert M. Takasugi, United States District Judge for the Central District of California, sitting by designation.

TAKASUGI, District Judge:

Appellant was convicted on three of six counts of transporting undocumented aliens in violation of 8 U.S.C. § 1324(a).[1] The aliens were in the employ of the Chism Reforestation Company, Inc. Mr. Moreno, the appellant, was a foreman for the company. As such he was required to transport reforestation workers from one job site to another. On May 4, 1976, Mr. Moreno, while driving employees to a particular job site, was stopped by immigration officials. The officials arrested several of the crew members who were later found to be undocumented aliens. There is substantial evidence to support the finding that the appellant knew the immigration status of these aliens. Several days later appellant was arrested and charged for the violation of 8 U.S.C. § 1324(a)(2).[2]

■ On appeal appellant contends that § 1324(a) is constitutionally vague and subject to arbitrary enforcement. In *United States v. Gonzalez-Hernandez*, 534 F.2d 1353 (9th Cir. 1976) and *Herrera v. United States*, 208 F.2d 215 (9th Cir. 1953) *cert. denied*, 347 U.S. 927, 74 S.Ct. 529, 98 L.Ed. 1080 (1954), this court addressed itself to such a contention and found no constitutional infirmity on the ground of vagueness.

Appellant next contends that the trial court erred in not dismissing the indictment for failure to charge a crime under 8 U.S.C. § 1324(a)(2). Appellant's major argument is that employment and incidents of employment are exempt from statutory sanction.

■ The employment exemption of § 1324(a) is, however, expressly made applicable and limited only to the prohibition against harboring under § 1324(a)(3) and not to a charge of transportation under § 1324(a)(2). Moreover, where Congress has specifically excluded a term or phrase, it is not for the courts to read that term or phrase into the statute. *Sixty-two Cases of Jam v. United States*, 340 U.S. 593, 71 S.Ct. 515, 95 L.Ed. 566 (1953).

A close examination of § 1324(a)(2) (the transportation charge) and more specifically the phrase ". . . transportation . . . in furtherance of such violation of law", may assist this court in gleaning the legislative intent. This section does not delineate the specific circumstances that must exist before an act of transporting an undocumented alien is "in furtherance of such violation of law". The significance of this quoted provision is that the mere transportation of a person known to be such an alien is not sufficient to constitute a violation of the section.[3] The transportation must be "in furtherance of such violation of law". Congress, in enacting this provision, thus placed a specific qualification on the type of transportation activity it meant to prohibit.

■ In the case at bar, Mr. Moreno was transporting the aliens as part of the ordinary and required course of his employment as foreman.[4] As such, his transportation of the aliens was only incidentally connected to the furtherance of the violation of law, if at all. It was too attenuated to come within the boundaries of § 1324(a)(2).

1. "Any person . . . who—
    (2) knowing that [an alien] is in the United States in violation of law . . . transports, or moves, or attempts to transport or move [said alien] within the United States by means of transportation or otherwise, *in furtherance of such violation of law*; [emphasis added].
    (3) willfully or knowingly conceals, harbors, or shields from detection . . . any alien . . . not duly admitted by an immigration officer or not lawfully entitled to enter or reside within the United States . . . shall be guilty of a felony. . . . *Provided, however*, that for the purposes of this section, employment (including the usual and normal practices incident to employment) shall not be deemed to constitute harboring."

2. For the purposes of this discussion, § 1324(a)(2) will be referred to as the "transportation" offense and § 1324(a)(3) as the "harboring" charge.

3. Based upon purely humanitarian concern, the transportation of a known undocumented alien to a hospital following an injury or illness does not appear to come within the purview of § 1324(a)(2).

4. It is interesting to note that his employer was not charged with any offense involving this matter.

 

We do not imply that there is an *ipso facto* exemption for those who transport undocumented aliens for employment or as an incident to employment. See *United States v. Acosta de Evans,* 531 F.2d 428 (9th Cir. 1976).

We merely state that where the transportation of such an alien occurs, there must be a direct or substantial relationship between that transportation and its furtherance of the alien's presence in the United States. Even though the qualification in the transportation section ("in furtherance of such violation of law") does not provide the automatic exclusion in the employment situation which the proviso in the harboring section does, it still requires, if it is to have any meaning at all, that a direct or substantial relationship exist.

While the parameters of § 1324(a)(2) are not precise, we must be guided by the nature of the statue as well as the legislative intent for its enactment. As a penal statute, it must be strictly construed. *McBoyle v. United States,* 283 U.S. 25, 51 S.Ct. 340, 75 L.Ed. 816 (1930); *United States v. Fruit Growers Co.,* 279 U.S. 363, 49 S.Ct. 374, 73 L.Ed. 739 (1928).

This court in *Gonzalez-Hernandez, supra,* left open exactly what constitutes in furtherance of the alien's violation of the law under § 1324(a)(2). 534 F.2d at 1354. There, defendant's relationship to the actual illegal entrance seemed much more direct and substantial as to time, place, distance and overall impact than does the case before us. Thus, the result in *Gonzalez-Hernandez* is consistent with the test set forth by this court herein.

A broader interpretation of the transportation section would render the qualification placed there by Congress a nullity. To do this would potentially have tragic consequences for many American citizens who come into daily contact with undocumented aliens and who, with no evil or criminal intent, intermingle with them socially or otherwise. It could only exacerbate the plight of these aliens and, without adding anything significant to solving the problem, create, in effect judicially, a new crime and a new class of criminals. All of our free-dom and dignity as people would be so reduced.

Reversed.