## UNITED STATES of America, Plaintiff-Appellee,

v.

## ONE 1984 FORD VAN, BEARING VIN # 1FBHS3110EHB470717 AND OREGON LICENSE PLATE # ERT–286, together with its tools and accessories, Defendant,

and

## Bardomiano Lumbreras, Claimant-Appellant.

### No. 86–3925.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 6, 1987.

Decided Sept. 2, 1987.

errands. On weekends the van transported the crew to and from Salem so that the workers could rejoin their families.

In November 1984, INS agents stopped the van as it was leaving a group of rental cottages near Carson. Agents arrested three illegal aliens and seized the van.

Testimony at trial revealed that Lumbreras knew that at least one of the workers was not legally present in the United States. In finding that the transportation was part of an ongoing relationship between Lumbreras and the undocumented aliens, the district court held that the vehicle had been used to further the aliens' illegal presence in the United States in violation of 8 U.S.C. § 1324(a)(2) and permitted its forfeiture under 8 U.S.C. § 1324(b).

Christopher L. Pickrell, Asst. U.S. Atty., Seattle, Wash., for plaintiff-appellee.

Stephen A. Johnston and Dan R. Danilov (on brief), Seattle, Wash., for claimant-appellant.

Before FLETCHER, BOOCHEVER and NORRIS, Circuit Judges.

## PER CURIAM:

Appellant's van was forfeited under 8 U.S.C. § 1324(b) on the basis that it had been used to transport aliens to further their illegal presence in the United States in violation of 8 U.S.C. § 1324(a)(2). We reverse.

## FACTS

Appellant, Bardomiano Lumbreras, is a reforestation and farm labor contractor operating out of Salem, Oregon. In performing a contract for reforestation near Carson, Washington (approximately 150 miles from Salem), appellant used the subject 1984 Ford van to transport his work force to the jobsite. He also permitted his foreman to use the van while in Carson to drive the crew to the store and on other personal

## DISCUSSION

Appellant asserts that his transportation of the undocumented aliens did not further their illegal presence in the United States within the meaning of 8 U.S.C. § 1324(a)(2). We review questions of statutory construction *de novo*. *United States v. McConney*, 728 F.2d 1195, 1200 (9th Cir.) (en banc), *cert. denied*, 469 U.S. 824, 105 S.Ct. 101, 83 L.Ed.2d 46 (1984).

We find this case controlled by *United States v. Moreno*, 561 F.2d 1321 (9th Cir. 1977). In *Moreno*, our court reversed the conviction under section 1324 of a foreman of a reforestation company for transporting workers, whom he knew to be illegal aliens, from one jobsite to another. Noting that the statute is silent as to the specific circumstances that must exist before an act of transporting an undocumented alien is "in furtherance of such violation of law," we held that the inclusion of the requirement that the transportation be in furtherance of violation of the law implies that mere transportation of an alien is not sufficient to constitute a violation of section 1324(a)(2). We held also that to fall within the purview of the statute, "there must be a direct and substantial relationship between that transportation and the furtherance of the alien's presence in the United

States." *Id.* at 1323. Because appellant was transporting the aliens as part of the ordinary and required course of his employment and the transportation was to make possible the performance of the job, reforestation, the transportation was only incidentally connected to the furtherance of the violation of law, if at all. *Id.* at 1322.

We find no principled distinction between *Moreno* and this case. The essential facts are the same. The transportation was provided, here as in *Moreno*, so that the reforestation job could be performed. Transportation at remote jobsites, such as the Carson job, necessarily entails transportation for food, personal items, and trips home, and is essential to the job's performance. Accordingly, the judgment of the district court is reversed.