873 F.2d 1281
 UNITED STATES of America, Plaintiff-Appellee,
v.
ONE 1984 FORD VAN, BEARING VIN # 1FBHS3110EHB470717 and
Oregon license plate # ERT-286, together with its
tools and accessories, Defendant.
Appeal of Bardomiano LUMBRERAS, Claimant.
 No. 88-3534.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted April 4, 1989.
Decided May 2, 1989.
 
 Stephen A. Johnston, Seattle, Wash., for claimant Lumbreras.
 Christopher L. Pickrell, Asst. U.S. Atty., Seattle, Wash., for plaintiff-appellee U.S.
 Appeal from the United States District Court for the Western District of Washington.
 Before SKOPIL, PREGERSON and NOONAN, Circuit Judges.
 NOONAN, Circuit Judge:
 Claimant-Appellant Bardomiano Lumbreras is an Oregon reforestation contractor. In November 1984 INS agents stopped a group of Lumbreras' employees who were being transported by van to a worksite in southern Washington. The agents arrested three illegal aliens and seized Lumbreras' van.
 The INS instituted forfeiture proceedings against the van on the ground that it had been used to further the illegal presence of an alien in the United States in violation of 8 U.S.C. Sec. 1324(a)(2). Lumbreras appeared and contested the forfeiture. After a bench trial the district court gave judgment for the government.
 On appeal, this court reversed, finding a previous decision interpreting Sec. 1324(a)(2), U.S. v. Moreno, 561 F.2d 1321 (9th Cir.1977), indistinguishable. U.S. v. One 1984 Ford Van, 826 F.2d 918 (9th Cir.1987) (per curiam). Lumbreras then sought attorney fees in the district court under the Equal-Access to Justice Act (EAJA), 28 U.S.C. Sec. 2412. The district court denied the motion and Lumbreras appeals.
 
 
 1
 The denial of a motion for attorney fees under the EAJA is reviewed for abuse of discretion. Thomas v. Peterson, 841 F.2d 332, 334 (9th Cir.1988). The EAJA provides:
 
 
 2
 Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.
 
 
 3
 28 U.S.C. Sec. 2412(d)(1)(A).
 
 
 4
 Lumbreras' argument that the court must apply a stringent standard in determining whether the government's position was "substantially justified" has been resolved adversely to Lumbreras by the Supreme Court. Pierce v. Underwood, --- U.S. ----, ----, 108 S.Ct. 2541, 2550, 101 L.Ed.2d 490 (1988). A position is "substantially justified" if it is "justified in substance or in the main," that is, if it has a "reasonable basis both in law and fact." Id.; accord Kali v. Bowen, 854 F.2d 329, 332 (9th Cir.1988).
 
 
 5
 This court found that there was "no principled distinction between Moreno and this case." One 1984 Ford Van, 826 F.2d at 920. The government did not have a reasonable basis in law to seek the van's forfeiture. This court also held that the "essential facts" in Moreno and this case "are the same." Id. The government did not have a reasonable basis in fact to seek the van's forfeiture.
 
 
 6
 Attempting to maintain the victory it secured in the district court on the fee award, the government argues that the fact "that the government initially won its case before a seasoned, respected district judge is, we submit, conclusive proof that the issue at bar, i.e., the scope of Moreno, was an issue on which 'reasonable minds could differ', and thus as a matter of law, the government's position was substantially justified." But the district court's decision cannot be made the last word in a system where every litigant has the right to ask the circuit court for a different view of the law. It is no disparagement of a respected district judge if the circuit court's view of the law is different. Our precedents do not treat the district judge's agreement with the government in the initial case as conclusive as to whether or not the government was reasonable. Thomas, 841 F.2d at 336.
 
 
 7
 The government in this appeal attempts to distinguish Moreno by saying that Lumbreras' vans "are used not merely to transport workers to and from job sites but also to assist workers in running errands, taking care of personal needs, returning to Salem on weekends and generally in furthering the workers' illegal stay in this country." But as this court already observed in this case, "Transportation at remote jobsites, such as the Carson job, necessarily entails transportation for food, personal items, and trips home, and is essential to the job's performance." One 1984 Ford Van, 826 F.2d at 920.
 
 
 8
 The government says that it was only seeking to use the case at bar as a test case "defining the reach of Moreno." But the government simply took the van. There would have been no test case if Lumbreras had not had the fortitude to bring suit. If the government wants to test the law in a case indistinguishable in principle and essential facts from already decided law, and the government wants to do so by seizing the property of a citizen, the government must pay the citizen's lawyer. A determination to the contrary is an abuse of discretion.
 
 
 9
 Costs and attorney fees on this appeal are also awarded to Lumbreras.
 
 
 10
 REVERSED AND REMANDED.