106 F.3d 410
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
ONE 1990 GEO STORM, One 1990 GEO Storm CA License No.
2TPC053 VIN J81RF2360L7553868 its tools and
appurtenances, Defendant,
Gerard A. Potts, Claimant-Appellant.
 No. 96-56141.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 21, 1997.*
Decided Jan. 23, 1997.
 
 Before: O'SCANNLAIN, LEAVY, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Claimant Gerard A. Potts appeals pro se the district court's denial of his motion for relief from a void judgment pursuant to Fed.R.Civ.P. 60(b)(4). The district court granted summary judgment in Potts' favor in the United States action seeking civil forfeiture of a 1990 GEO Storm vehicle allegedly used by Potts to transport an undocumented alien in violation of 8 U.S.C. § 1324. Potts contends that the district court's judgment is void because section 1324 is unconstitutional. We have jurisdiction pursuant to U.S.C. § 1291, and we affirm.
 
 
 3
 Although we ordinarily review the denial of a Rule 60(b) motion for an abuse of discretion, a motion to set aside a judgment as void is reviewed de novo. See Export Group v. Reef Indus., Inc., 54 F.3d 1466, 1469 (9th Cir.1995). A judgment is void "if the court that considered it lacked jurisdiction of the subject matter, or [of] the parties or if the court acted in a manner inconsistent with due process of law." Watts v. Pinckney, 752 F.2d 406, 409 (9th Cir.1985).
 
 
 4
 Even if we were to assume that Potts' constitutional challenge to section 1324 is reviewable by way of a Rule 60(b) motion, his motion was properly denied. This court has repeatedly rejected challenges to the constitutionality of section 1324. See United States v. Gonzalez-Hernandez, 534 F.2d 1353, 1354 (9th Cir.1976) (per curiam) (claim that section 1324 is unconstitutionally vague is "frivolous"); see also United States v. Aguilar, 883 F.2d 662, 695 (9th Cir.1989) (holding section 1324 does not violate guarantees of the First Amendment). The district court's order denying Potts' Rule 60(b) motion is therefore
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3