UNITED STATES of America,
Plaintiff–Appellee,

v.

Li Xiang FENG, Defendant–Appellant.

UNITED STATES of America,
Plaintiff–Appellee,

v.

Chen Biao, Defendant–Appellant.

United States of America,
Plaintiff–Appellee,

v.

Tu Yu Piao, Defendant–Appellant.

United States of America,
Plaintiff–Appellee,

v.

Hui Lin, Defendant–Appellant.

No. 00–50063, 00–50077,
00–50089, 00–50178.
D.C. No. CR–98–2812–BTM.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 2, 2001.

Decided Jan. 18, 2002.

cation and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

Before O'SCANNLAIN, and PAEZ, Circuit Judges, and KING,* District Judge.

### MEMORANDUM **

Li Xiang Feng ("Feng"), Chen Biao ("Biao"), Tu Yu Piao ("Piao"), and Hui Lin ("Lin") appeal from judgments from a jury trial at which they were convicted under a superseding indictment for one count of conspiring to bring aliens into the United States in violation of 18 U.S.C. § 371 and 8 U.S.C. § 1324(a)(2)(B)(ii), and six counts of attempting to bring aliens into the United States for financial gain in violation of 8 U.S.C. § 1324(a)(2)(B)(ii) and 18 U.S.C. § 2. We have jurisdiction under 28 U.S.C. §§ 1291, 1294(1), and affirm as to each Appellant on all issues addressed in this memorandum.[1]

## I SUFFICIENCY OF EVIDENCE: SUBSTANTIAL STEP TOWARD BRINGING ALIENS INTO THE UNITED STATES

Appellants argue that there was insufficient evidence to sustain their convictions of attempting to bring aliens into the United States for financial gain in violation of 8 U.S.C. § 1324(a)(2)(B)(ii). The standard of review for sufficiency of evidence is de novo. *United States v. Duran*, 189 F.3d 1071, 1078 (9th Cir.1999).

In determining sufficiency of evidence, the question is whether viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

A conviction for attempt requires the government to prove (1) culpable intent and (2) conduct constituting a substantial step toward commission of the crime that is in pursuit of that intent. *United States v. Buffington*, 815 F.2d 1292, 1301 (9th Cir.1987).

A substantial step consists of conduct that is strongly corroborative of the firmness of a defendant's criminal intent. *Id.* " 'Preparation alone is not enough, there must be some appreciable fragment of the crime committed, it must be in such progress that it will be consummated unless interrupted by circumstances independent of the will of the attempter ....' " *Id.* at 1302 (citing *United States v. Mandujano*, 499 F.2d 370, 376 (5th Cir.1974)) (quoting *People v. Buffum*, 40 Cal.2d 709, 256 P.2d 317, 321 (1953)).

Appellants argue that no substantial step or "appreciable fragment" of the crime of bringing aliens to the United States was committed because the defendants failed to bring them to the United States or even Mexico. This argument lacks merit.

Sufficient evidence does exist to demonstrate that Appellants took a substantial step consisting of conduct that was strongly corroborative of the firmness of their criminal intent. The evidence showed that

---

\* The Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation.

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as may be provided by Ninth Circuit Rule 36–3.

1. The issues in this case concerning venue and the anti-gratuity statute are addressed in a separate published opinion.

Appellants transported more than 100 aliens on a fishing vessel several thousand miles from China over seven weeks to a point approximately 100 miles from San Diego and 100 miles from Mexico and that they planned to deliver the aliens to Mexico. The evidence further showed that the aliens were to be smuggled into the United States via Mexico and that they were to pay large sums of money upon arrival in the United States. Lastly, had the Coast Guard not intercepted the vessel and if no other law enforcement agency or other circumstances independent of the will of the attempters interrupted it, the smuggling operation undoubtedly would have been completed.

## II  ABSENCE OF AN EXPRESS AIDING AND ABETTING PROVISION IN 8 U.S.C. § 1324(a)(2)

■ Appellants argue that the absence of an aiding and abetting provision in § 1324(a)(2) requires reversal of the convictions for attempting to bring aliens into the United States for financial gain in violation of 8 U.S.C. § 1324(a)(2)(B)(ii) and 18 U.S.C. § 2. The interpretation and construction of statutes are questions of law reviewed de novo. *Soltani v. Western & Southern Life Ins. Co.*, 258 F.3d 1038, 1041 (9th Cir.2001).

We recently decided this issue in *United States v. Angwin*, 263 F.3d 979, *amended and superseded on denial of reh'g*, 271 F.3d 786 (9th Cir.2001). According to *Angwin*, the absence of an express aiding and abetting provision in 8 U.S.C. § 1324(a)(2) does not require reversal of the convictions for attempting to bring aliens into the United States for financial gain in violation of 8 U.S.C. § 1324(a)(2)(B)(ii) and 18 U.S.C. § 2 because "that silence means only that Congress did not intend to exclude subsection (a)(2) from the general principle embodied in Title 18 that an aider and abettor can receive the same punishment as a principal." 271 F.3d at 801.

## III  LOSS OF ADDITIONAL WITNESSES

■ Appellant Biao argues that the government in bad faith deprived the defense of material testimonial evidence resulting in prejudice to Biao. Biao premised this argument on the loss of Chen Siao Biao, who allegedly could have provided exculpatory information. Additionally, Biao claims that the government in bad faith released other aliens who were aboard the vessel from INS detention without meaningful notice to the defense. Whether an indictment should be dismissed because the government failed to retain a witness is reviewed de novo. *United States v. Armenta*, 69 F.3d 304, 306 (9th Cir.1995).

■ When determining whether the absence of material testimony violated a defendant's due process and compulsory process rights, we apply a two-pronged test of bad faith and prejudice. *See United States v. Dring*, 930 F.2d 687, 693–94 (9th Cir.1991) (citing *United States v. Valenzuela–Bernal*, 458 U.S. 858, 866–67, 102 S.Ct. 3440, 73 L.Ed.2d 1193 (1982)). "Under this two-pronged test, the defendant must make an initial showing that the government acted in bad faith and that this conduct resulted in prejudice to the defendant's case." *Id.*

■ To establish bad faith, a defendant must show either that the government "departed from normal deportation procedures" or that the government deported witnesses "to gain an unfair tactical advantage ... at trial." *United States v. Pena–Gutierrez*, 222 F.3d 1080, 1085 (9th Cir.2000) (citation omitted). To establish prejudice, a defendant must at least make a plausible showing that the testimony of the deported witnesses would have been

material and favorable to his defense, in ways not "merely cumulative to the testimony of available witnesses." *Dring*, 930 F.2d at 693–94 (quoting *Valenzuela–Bernal*, 458 U.S. at 873, 102 S.Ct. 3440).

After the witnesses spent three months in INS custody and before any material witness complaint was filed, the INS set bond on them. For the testimony of Chen Siao Biao, the only witness for whom the defense could show materiality, the district court allowed the defense to have the testimony read into the record by a defense investigator because Chen Siao Biao was unavailable to testify. As to other witnesses, the district court ordered several of them held as material witnesses for the government and the defense.

There is no evidence that the government departed from normal deportation procedures or that the government deported any witnesses to gain an unfair tactical advantage at trial. Thus, Biao has not established bad faith.

Furthermore, in light of the compelling evidence supporting the conviction as to Biao and the fact that Chen Siao Biao's statement was admitted into evidence, there was no prejudice. Several other material witnesses who were similarly situated on the vessel could have testified and corroborated Chen Siao Biao's testimony.

Finally, as to the other aliens released who were potential witnesses, no prejudice was shown. The defense could not show prejudice because it had no idea what the aliens were going to say, and there is no indication their testimony would not have been cumulative of numerous other available witnesses.

## IV SUFFICIENCY OF EVIDENCE TO SUPPORT THE CONSPIRACY CONVICTIONS

Appellant Feng argues that he was not part of the conspiracy because there was insufficient evidence that Appellants had any agreement or knowledge of how the aliens were to travel through Mexico to get to the United States and that there was insufficient evidence that he furthered the conspiracy. Appellant Lin also argues that there was insufficient evidence that he furthered the conspiracy. The standard of review for sufficiency of evidence is de novo. *United States v. Duran*, 189 F.3d 1071, 1078 (9th Cir.1999).

In determining sufficiency of evidence, the question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

The government presented sufficient evidence to support the conspiracy convictions. "It is sufficient if the acts and conduct of a defendant were of such character that the minds of reasonable men could conclude therefrom that an unlawful agreement or understanding existed, and that the defendant with knowledge of the existence of the unlawful enterprise, acted to further it." *United States v. Knight*, 416 F.2d 1181, 1184 (9th Cir.1969).

The overall illegal objective was to bring illegal aliens into the United States via Mexico. The fact that the Appellants were unsure how they were going to enter the United States is insignificant. The evidence showed that they journeyed several thousand miles with over 100 aliens for seven weeks from China to a point approximately 100 miles from San Diego and 100 miles from Mexico. It also showed that the Appellants were going to off-load the aliens to Mexico and then from there have them smuggled into the United States.

Additionally, the government presented sufficient evidence at trial to show that both Lin and Feng furthered the conspiracy. For example, evidence was presented

that Feng at one time carried a pipe while asking the aliens to go down into the hold. A rational jury could have concluded that Feng acted in furtherance of the conspiracy. Furthermore, the jury resolved conflicts in the testimony, weighed the evidence, and drew reasonable inferences from the facts; the convictions are the end product of that process. *See United States v. Gillock,* 886 F.2d 220, 222 (9th Cir.1989).

▮ Feng's second argument is that the conspiracy count must be dismissed because the proof at trial was at variance with the indictment. The indictment charged that "[i]t was part of the said conspiracy that the defendants, knowing and in reckless disregard of the fact that certain aliens had not received prior official authorizations to come to, enter, or reside in the United States, would bring said illegal aliens to the United States . . . ." The district court did not instruct the jury that it had to find that the defendants entered an agreement to bring the aliens to the United States themselves.

"'Under the grand jury clause of the fifth amendment, a defendant has a right to be tried only on the grand jury's indictment.'" *United States v. Olano,* 62 F.3d 1180, 1193–94 (9th Cir.1995) (quoting *United States v. Olson,* 925 F.2d 1170, 1175 (9th Cir.1991)). "A variance occurs when the evidence offered at trial proves facts that are materially different from those alleged in the indictment." *Id.* (citing *United States v. Von Stoll,* 726 F.2d 584, 586 (9th Cir.1984). The district court found that the evidence at trial proved facts that were not "materially different" from those set forth in the indictment.

The district court read the indictment to charge the defendants with the collective goal of bringing aliens into the United States. The evidence at trial was sufficient to support the existence of the collective goal and the Appellants' acts further-

ing it. Thus, there is no merit to the claim that there was a substantial variance meriting dismissal of the conspiracy count.

## V  PROSECUTORIAL MISCONDUCT

▮ Appellants argue that a new trial should be granted because the government improperly misled the jury during the trial and closing argument. Specifically, they challenge the government's alleged misleading suggestions that the immigration benefits ("asylum letters") were available to both defense and government witnesses. A trial court's denial of a motion for new trial based on prosecutorial misconduct is reviewed for an abuse of discretion. *United States v. Scholl,* 166 F.3d 964, 974 (9th Cir.1999).

The government's examination of witnesses did not present or elicit misleading testimony regarding offers of asylum letters to defense and government witnesses. Furthermore, the government stated in court that *any* witness, who articulated a fear of retaliation upon return to China, would receive a letter, and, in fact, the government did write several letters on behalf of designated defense witnesses. Thus, the district court did not abuse its discretion in overruling defense counsel's objections.

Appellants also contend that in closing argument the government sought to further the alleged misconception that the government's promises of an asylum letter were made equally to all witnesses. There was no prejudice to Appellants for three reasons: 1) the evidence showed that the government offered the same asylum letter to defense witnesses, 2) throughout the trial, counsel made the jury aware of the witnesses' possible motives, and 3) the district court gave a comprehensive limiting instruction telling the jurors not to speculate about the letters, but rather to focus on the evidence presented.

"[S]tatements or conduct must be viewed in context; only by so doing can it be determined whether the prosecutor's conduct affected the fairness of the trial." *United States v. Young,* 470 U.S. 1, 11, 105 S.Ct. 1038, 84 L.Ed.2d 1 (1985). Considering the entire context, we find that the district court did not abuse its discretion in overruling defense counsel's objections and not declaring a mistrial.

## VI  THE ALIEN SMUGGLING STATUTE IS NOT OVERBROAD

Appellant Feng argues that each of the counts of conviction should be reversed because 8 U.S.C. § 1324 is unconstitutionally overbroad. The constitutionality of a statute is reviewed de novo. *Confederated Tribes of Siletz Indians of Oregon v. United States,* 110 F.3d 688, 693 (9th Cir.1997).

Feng's argument lacks merit for two main reasons. First, each of the Appellants was convicted of six counts of the felony of attempting to bring aliens into the United States for financial gain in violation of § 1324(a)(2)(B)(ii) and one count of conspiracy to commit the substantive offense; they were not convicted of the § 1324(a)(2) misdemeanor challenged by Feng.

Second, this court has summarily rejected arguments that 8 U.S.C. § 1324 is unconstitutional on numerous occasions. *See, e.g., United States v. Moreno,* 561 F.2d 1321, 1322 (9th Cir.1977); *United States v. Gonzalez–Hernandez,* 534 F.2d 1353, 1354 (9th Cir.1976); *United States v. Sanchez–Mata,* 429 F.2d 1391, 1392 (9th Cir.1970); *Herrera v. United States,* 208 F.2d 215, 217 (9th Cir.1954).

## VII  THE SPEEDY TRIAL ACT

■ The Speedy Trial Act requires that "[a]ny information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges." 18 U.S.C. § 3161(b). We review questions of law under the Speedy Trial Act de novo. *United States v. Hall,* 181 F.3d 1057, 1061 (9th Cir.1999).

Appellants argue that because the superseding indictment was filed more than thirty days after Appellants were arrested, the additional charges it contained were not timely filed and must be dismissed. This argument lacks merit.

Section 3161(b) does not prevent the government from obtaining a superseding indictment more than thirty days after the arrest adding different charges than those contained in the original indictment. We held in *United States v. Orbino,* 981 F.2d 1035, 1037 (9th Cir.1992), that "[a] superseding indictment issued before the original indictment is dismissed may issue more than thirty days after the arrest." Thus, there was no violation of the thirty-day rule under the Speedy Trial Act.

## VIII  STATE OF MIND EVIDENCE

■ Appellant Lin appeals the district court's decision to exclude testimony from a former defendant, Yan Xiu Zhi, who would have testified to statements made by Lin "twenty days into the journey" before the vessel was intercepted. Lin proffered that Yan Xiu Zhi would repeat Lin's statement: "Big sister, on the whole ship, you and I may be the only ones that were tricked." She would also say that Lin "owed somebody some money, and this person told him it was a cargo ship, and that once he got on the ship and realized it was human cargo, he was frightened and shocked and tried to disassociate himself and felt disoriented."

The district court found the statements inadmissible under the hearsay exception for state of mind under Federal Rule of Evidence 803(3) because the statement did

not explain why Lin participated in the conspiracy after supposedly learning that he had been tricked.

Lin claims that his state of mind, "distraught and grieving," was relevant in that he was "trapped in the middle of the Pacific Ocean with no way out." Lin further argues that he was prejudiced in that the jury did not hear this "material evidence" that allegedly would have led to an acquittal.

The testimony, however, does not pass the foundational test for admissibility. Three factors bear on the "foundational inquiry on admissibility" under Rule 803(3): contemporaneousness, chance for reflection, and relevance. *United States v. Emmert*, 829 F.2d 805, 810 (9th Cir.1987) (citation omitted). The fact that the statements were made twenty days into the trip causes the first two factors to weigh against admissibility. Moreover, the third factor is clearly not met because the testimony proffered would have been irrelevant as to whether Lin knowingly and voluntarily furthered the conspiracy. Thus, the district court did not abuse its discretion in excluding the proffered testimony.

## IX PRIOR BAD ACT EVIDENCE

The trial court's decision to admit evidence of prior bad acts under Federal Rule of Evidence 404(b) is reviewed for an abuse of discretion. *United States v. Castillo*, 181 F.3d 1129, 1134 (9th Cir.1999).

On examination of witness Captain Ho ("Ho"), the government and defense both brought out testimony regarding Ho's previous involvement in a different alien smuggling venture aboard another vessel. No prejudice was shown as a result of this testimony. Thus, there was no error in admitting the prior bad act evidence.

## X TWO–LEVEL UPWARD ADJUSTMENT FOR LIN

Appellant Lin appeals from the district court's sentence imposing a two-level upward adjustment under USSG § 3C1.1 because of evidence that Lin obstructed justice. The district court's upward adjustment for obstruction of justice under § 3C1.1 is reviewable for clear error. *United States v. Christman*, 894 F.2d 339, 342 (9th Cir.1990). The district court's factual findings in the sentencing phase are reviewed for clear error, but must be supported by a preponderance of the evidence. *United States v. Fox*, 189 F.3d 1115, 1118 (9th Cir.1999).

Witness Xu Ting Jin testified that he was housed at the same place as the Appellants and that Lin told him not to talk about the case. Specifically, he testified that Lin said "not to talk about him in front of the lawyer. If you talk, then we will drag you down—we will all be dragged down into the water."

The district court found it "very clear that [Lin] was telling Su Ting Jin that if he ... said anything about him or any of the other defendants, that they were going to ... incriminate him." The court concluded the government met its burden of establishing that the statement was made and the intent was to dissuade Su Ting Jin from testifying.

Based on the evidence presented, the district court's findings were sufficient and his decision to impose an upward adjustment was not clearly erroneous.

AFFIRMED.