UNITED STATES of America,
Plaintiff—Appellee,

v.

Todd Joseph GOODREAU, Defendant—Appellant.

land range.

United States of America,
Plaintiff—Appellee,

v.

Richard Wieler Cole, Defendant—
Appellant.

No. 01–10077, 01–10289.
D.C. No. CR–00–00773–JMR.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 18, 2002.

Decided Feb. 21, 2002.

Before GOODWIN, SNEED and
TROTT, Circuit Judges.

MEMORANDUM *

Todd Goodreau ("Goodreau") and Richard Cole ("Cole") (collectively "Defen-

* This disposition is not appropriate for publica-    tion and may not be cited to or by the courts

dants") appeal their convictions for transporting and attempting to transport illegal aliens in violation of 8 U.S.C. § 1324(a)(1)(A)(ii).[1] The district court found that border patrol agents had reasonable suspicion to stop Defendants' taxis and denied Defendants' motions to suppress the evidence from the stop. The district court also refused to give Defendants' proposed jury instructions and found that the jury verdict was supported by the evidence. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

### 1. The Agents Had Reasonable Suspicion To Stop Defendants' Taxi–Vans.

■ We review de novo whether reasonable suspicion exists to stop a vehicle. *Ornelas v. United States,* 517 U.S. 690, 699, 116 S.Ct. 1657, 134 L.Ed.2d 911 (1996). We look at "the 'totality of the circumstances' of each case to see whether the detaining officer has a 'particularized and objective basis' for suspecting [ ] wrongdoing." *United States v. Arvizu,* 534 U.S. 266, 122 S.Ct. 744, 750, 151 L.Ed.2d 740 (2002). Officers may "draw on their own experience and specialized training to make inferences from and deductions about the cumulative information available to them that 'might well elude an untrained person.' " *Id.* at 750–51 (quoting *United States v. Cortez,* 449 U.S. 411, 418, 101 S.Ct. 690, 66 L.Ed.2d 621 (1981)).

■ Here, the prosecution presented the following facts: (1) the border patrol agents knew from previous experience that the back of the Canyon General store was a regular passage point for illegal aliens awaiting transport; (2) there were no payphones or gas pumps behind the convenience store; (3) the store was three miles from the United States–Mexico border; (4) the agents observed Defendants' taxis emerge from behind the store, speeding, with their headlights off; (5) Goodreau cut the agents off with his taxi while exiting the parking lot; and (6) the border patrol had received an anonymous tip regarding aliens hiding in the brush behind the store two hours prior to the stop. These facts, taken as a whole, created reasonable suspicion to stop Defendants' taxis.

### 2. The District Court Properly Refused To Give Defendants' Proposed Jury Instructions.

■ Whether a district court's jury instructions adequately address a defendant's theory of the case is reviewed de novo. *United States v. Pierre,* 254 F.3d 872, 875 (9th Cir.2001). The district court has substantial latitude so long as its instructions fairly and adequately cover the issues presented. *United States v. Frega,* 179 F.3d 793, 806 n. 16 (9th Cir.1999). Here, the judge instructed the jury on reckless disregard. Defendants' proposed instructions regarding the effect of civil rights statutes on the intent element of alien smuggling did not require a separate jury instruction. *See United States v. Dees,* 34 F.3d 838, 842 (9th Cir.1994) ("It is not reversible error to reject a defendant's proposed instruction on his theory of the case if other instructions, in their entirety, adequately cover that defense theory."). We find the district court's reckless disregard instruction adequately covered De-

---

of this circuit except as may be provided by Ninth Circuit Rule 36–3.

**1.** 8 U.S.C. § 1324(a)(1)(A)(ii) imposes criminal sanctions on any person who: "knowing or in reckless disregard of the fact that an alien has come to, entered, or remains in the United States in violation of law, transports, or moves or attempts to transport or move such alien within the United States by means of transportation or otherwise, in furtherance of such violation of law."

fendants' theory of the case and the proposed instructions were superfluous.

### 3. There Is Sufficient Evidence of a Substantial Relationship Between Defendants' Transportation of Illegal Aliens and the Furtherance of the Aliens' Illegal Presence in the United States.

We review for plain error Defendants' claims of insufficient evidence because they did not renew their motions for acquittal at the close of all the evidence. *United States v. Carlson,* 235 F.3d 466, 468 (9th Cir.2000). Defendants rely on *United States v. Moreno,* 561 F.2d 1321 (9th Cir. 1977), to compel a finding that because their employment required them to transport the aliens, the transportation was only incidental to the violation of law. In *Moreno,* however, we "[did] not imply that there is an ipso facto exemption for those who transport undocumented aliens for employment or as an incident to employment." *Id.* at 1323–24; *see also United States v. Hernandez–Guardado,* 228 F.3d 1017, 1024 (9th Cir.2000) (finding a shuttle driver guilty of alien smuggling despite the fact that the transportation was in the course of his employment).

 Here, there is sufficient evidence to support the jury's verdict. *See Hernandez–Guardado,* 228 F.3d at 1024 (providing "transportation for one leg of illegal aliens' migration to locations within the United States .... has a direct and substantial relationship to the furtherance of the aliens' illegal presence in the United States."). The jury reasonably concluded that Defendants assisted the illegal aliens in one leg of their journey and thus, furthered the aliens' illegal presence in the

United States in violation of 8 U.S.C. § 1324(a)(1)(A)(ii).

AFFIRMED.