**NOT FOR PUBLICATION**



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-10353 |
| Plaintiff - Appellee, | D.C. No. 4:10-cr-00494-RCC-CRP-1 |
| v. | |
| HARRY CHARLES GEORGELOS, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Raner C. Collins, District Judge, Presiding

Submitted December 3, 2012**
San Francisco, California

Before:  SILVERMAN, GRABER, and GOULD, Circuit Judges.

Defendant Harry Charles Georgelos appeals his convictions, under 8 U.S.C.
§ 1324(a)(1)(A)(ii) & (a)(1)(B)(i), for transporting, for profit, two aliens who
remained in the United States in violation of law.  We affirm.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument.  Fed. R. App. P. 34(a)(2).

1. Sufficient evidence supported Defendant's convictions. Viewing the facts in the light most favorable to the government, <u>Jackson v. Virginia</u>, 443 U.S. 307, 319 (1979), Defendant knew that the aliens lacked documentation to be in the country and attempted to drive them from an immediate border town, past a checkpoint, to a larger city, where detection by immigration authorities would be much more difficult. Additionally, when the authorities stopped the car, Defendant told the aliens to tell the authorities that they were "American citizens." Those facts demonstrate that Defendant's transportation was "in furtherance of" the aliens' continued illegal presence in the country. 8 U.S.C. § 1324(a)(1)(A)(ii). Unlike in <u>United States v. Moreno</u>, 561 F.2d 1321 (9th Cir. 1977), the jury was not required to conclude that Defendant was merely acting in the regular course of his employment.

2. The district court did not abuse its discretion in admitting, under Federal Rules of Evidence 403 and 404(b), evidence of Defendant's prior arrests. <u>See</u> <u>United States v. Lozano</u>, 623 F.3d 1055, 1059 (9th Cir. 2010) (per curiam) (holding that we review Rule 404(b) decisions for abuse of discretion). The previous events were similar to the charged conduct, they tended to show Defendant's knowledge or absence of mistake as to the passengers' immigration status, and they were not too remote in time. <u>See</u> <u>United States v. Estrada</u>, 453

F.3d 1208, 1213 (9th Cir. 2006) (stating the legal standard and noting that we have affirmed admissions "where ten years or longer periods of time have passed").

 Unlike in United States v. Hernandez-Miranda, 601 F.2d 1104 (9th Cir. 1979), the similarities between the previous acts and the charged conduct were sufficient to raise an inference of Defendant's knowledge or absence of mistake.  See United States v. Ramirez-Jiminez, 967 F.2d 1321 (9th Cir. 1992) (discussing the admission of prior bad acts in the context of knowledge and 8 U.S.C. § 1324).  The probative value of the evidence outweighed its prejudicial effect.  Fed R. Evid. 403.

**AFFIRMED.**