NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-1290
_____

UNITED STATES OF AMERICA

v.

WALLY NGUYEN,
                    Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 3-10-cr-00240-001)
District Judge: Honorable Malachy E. Mannion
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
January 20, 2016

Before: JORDAN, HARDIMAN, and GREENAWAY, JR., *Circuit Judges*.

(Filed: February 8, 2016)
_____

OPINION[*]
_____

HARDIMAN, *Circuit Judge*.

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Appellant Wally Nguyen was convicted by a jury of breaking several federal laws in connection with his involvement in the employment of illegal aliens. One of his convictions was for the unlawful transportation of illegal aliens in violation of 8 U.S.C. § 1324(a)(1)(A)(ii). Nguyen claims that the evidence presented at trial was insufficient to support that conviction. We disagree, and will affirm the District Court's judgment.

I

In May 2005, the Pennsylvania State Police executed a traffic stop of a van transporting ten Indonesian nationals in Monroe County, Pennsylvania. The police suspected that the Indonesians were in the United States illegally and referred the matter to Immigration and Customs Enforcement (ICE). A lengthy investigation followed which led ICE agents to Artube Iridium, a local manufacturing business. Through surveillance, ICE learned that Artube was staffed with illegal alien temporary workers by a company called H&T Staffing.[1]

An investigation of H&T revealed that the company was engaged in a large-scale scheme to place illegal alien workers with local companies. Several individuals at H&T, including Appellant Nguyen, were arrested and prosecuted. Nguyen was charged with five counts in a superseding indictment, including charges of employing, harboring, and transporting illegal aliens and conspiring to launder money.

At trial, the prosecution demonstrated that Nguyen's involvement with H&T was

---

[1] H&T was known by different names at different times, including Golden Star and P&H. For clarity, we refer to the company as H&T.

2

extensive. Although Nguyen was not an owner of H&T, evidence revealed that he provided H&T employees with transportation to and from work, cash for their labor, and rent-free housing. Testimony also established that at least two H&T clients considered Nguyen to be the company's liaison, responsible for depositing client checks and resolving day-to-day employee issues. One employee testified that Nguyen provided workers with fake IDs in response to a client's concerns regarding identification papers.

The prosecution also presented evidence to show that H&T generally, and Nguyen specifically, reaped significant financial rewards. Testimony revealed that hiring illegal aliens allows companies like H&T to skirt tax laws, avoid paying benefits, underpay workers, and demand overtime. Between 2005 and 2008, over $1,000,000 was deposited into Nguyen's bank accounts.

At the end of trial, the jury found Nguyen guilty of all five counts and the District Court imposed a sentence of 33 months' incarceration, two years' supervised release, a $7,500 fine, and a $310 assessment. This appeal followed.

II[2]

On appeal, Nguyen claims the evidence at trial was insufficient to support his conviction for the unlawful transportation of illegal aliens under 8 U.S.C. § 1324(a)(1)(A)(ii). Our review of this argument requires us to ask "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of

_____

[2] The District Court exercised jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291.

3

fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Caraballo-Rodriguez*, 726 F.3d 418, 424–25 (3d Cir. 2013) (en banc) (quoting *Jackson v. Virginia*, 443 U.S. 307, 318–19 (1979)) (emphasis removed).[3] In doing so, "we review the evidence as a whole, not in isolation" and are "ever vigilant . . . not to usurp the role of the jury by weighing credibility and assigning weight to the evidence, or by substituting our judgment for that of the jury." *Id.* at 430 (citations and brackets omitted).

III

In *United States v. Silveus*, we held that the government must prove four elements to convict under 8 U.S.C. § 1324(a)(1)(A)(ii):

> (1) the defendant transported or attempted to transport an alien within the United States, (2) the alien was in the United States illegally, (3) the defendant knew of or recklessly disregarded the fact that the alien was in the United States illegally, and (4) the defendant acted willfully in furtherance of the alien's violation of the law.

542 F.3d 993, 1002 (3d Cir. 2008). Although Nguyen concedes that he knowingly transported illegal aliens during his time with H&T, he argues that his conviction cannot stand because the prosecution failed to present sufficient evidence to show that he

---

[3] Although Nguyen failed to challenge the sufficiency of the evidence supporting his conviction under § 1324(a)(1)(A)(ii) in the District Court, we consider this argument now, albeit under a plain error standard, since "the failure to prove one of the essential elements of a crime is the type of fundamental error which may be noticed by an appellate court notwithstanding the defendant's failure to raise it in the district court." *United States v. Gaydos*, 108 F.3d 505, 509 (3d Cir. 1997) (quoting *United States v. Zolicoffer*, 869 F.2d 771, 774 (3d Cir. 1989)). We do this because affirming a conviction where there has been such a failure of proof would "seriously affect[] the fairness, integrity or public reputation of judicial proceedings." *United States v. Olano*, 507 U.S. 725, 732 (1993) (quotations omitted).

transported H&T workers willfully "in furtherance of" their illegal presence in the United States. We disagree.

The evidence at trial, viewed in the light most favorable to the prosecution, showed that Nguyen was a manager at H&T with a financial incentive to do what he could to maintain the company's illegal workforce. Each piece of evidence the prosecution presented, reflecting the many ways in which Nguyen managed the lives of H&T employees, combined to support the Government's theory that Nguyen and others at H&T worked to insulate workers from the outside world to reduce the risk that the company's lucrative and illicit operations would be uncovered. Nguyen himself paid workers in cash, resolved on-the-job issues, secured rent-free housing, distributed fake IDs, and provided daily transportation to many employees. Considering the evidence *in toto*, there was nothing irrational about the jury's conclusion that Nguyen transported H&T employees with the intent to further their illegal presence in the United States.

Nguyen challenges this conclusion in two ways. First, he argues that because he did not undertake more substantial efforts to maintain and insulate H&T's illegal workforce, the jury could not have found that he provided transportation with the state of mind § 1324(a)(1)(A)(ii) requires. He points out, for example, that none of the Government's evidence showed that he caused illegal aliens to enter the United States, join H&T, or remain with H&T once hired. Nor did the evidence establish that he, or anyone else at H&T, provided transportation and housing to *all* employees. And finally, he emphasizes that there was no attempt by the prosecution to show that he took steps to

conceal workers as he drove them to and from work—a significant fact in other cases affirming convictions under § 1324(a)(1)(A)(ii). *See, e.g., Silveus*, 542 F.3d at 1002–03.

While Nguyen's arguments accurately reflect the trial record, they are inconsistent with applicable jurisprudence regarding sufficiency of the evidence. To conclude that Nguyen acted willfully under § 1324(a)(1)(A)(ii), the jury was not required to find that he did everything he possibly could to establish, maintain, and conceal H&T's illegal workforce. Rather, the jury required credible evidence, direct as well as circumstantial, that demonstrated beyond a reasonable doubt that Nguyen intended to assist at least one H&T employee to remain in the United States illegally by providing him with a ride to and from work. *See United States v. 1982 Ford Pick-Up, VIN 1FTDX15G7CKA31957, Texas Lic. No. VM-5394*, 873 F.2d 947, 951 (6th Cir. 1989) (citing *United States v. Merkt*, 764 F.2d 266, 272 (5th Cir. 1985)). The record contained such evidence.

Second, Nguyen argues that most of the evidence against him—including evidence showing that he distributed cash to workers, provided property for rent-free housing, and acted as a company liaison—"is not [] probative of any motive or intent to further [H&T workers'] presence in the United States." Nguyen Opening Br. at 22. We disagree. Evidence need not relate directly to transportation to shed light on the intentions of a driver. The jury was entitled to take all of Nguyen's activities into account to determine whether he intended to further the unlawful presence of H&T employees.

Nor are we persuaded by Nguyen's reliance on the Ninth Circuit's decision in *United States v. Moreno*, 561 F.2d 1321 (9th Cir. 1977). Citing *Moreno*, he argues that

there was no "direct or substantial relationship" between the transportation he provided H&T employees and their ability to remain in the United States unlawfully. Nguyen Opening Br. at 18 (quoting *Moreno*, 561 F.2d at 1323). Likening himself to Moreno, a company foreman who was tasked with shuttling illegal aliens from one job site to another as a condition of his employment, Nguyen claims that he did not provide "the type of transportation" to illegal aliens that § 1324(a)(1)(A)(ii) prohibits. *Id.* at 18 (quoting *Moreno*, 561 F.2d at 1322). To the extent that *Moreno* held that § 1324(a)(1)(A)(ii)'s "in furtherance of" language prohibits certain types of transportation or transportation that produces certain effects as such, we rejected it in *Silveus*. *See Silveus*, 542 F.3d at 1002–03 (holding that a touchstone of Section 1324(a)(1)(A)(ii)'s "in furtherance of" language is intent); *Cf. 1982 Ford Pick-Up*, 873 F.2d at 950–51 (opining that *Moreno* was likely "wrongly decided" because its approach "focuses on the effect of the transportation of the illegal alien and not upon its purpose"). In any event, the jury could have reasonably concluded that Nguyen's management of H&T's illegal alien workforce and the handsome profits he earned reflected a more culpable state of mind than Moreno's. *Cf. United States v. One 1982 Chevrolet Crew-Cab Truck, VIN 1GCHK33M9C143129*, 810 F.2d 178, 182 (8th Cir. 1987) (distinguishing *Moreno* where the defendant who transported illegal aliens was their employer, not a third-party employee).

IV

For the reasons stated, we hold that the evidence presented at trial was sufficient to

7

allow the jury to conclude beyond a reasonable doubt that Nguyen knowingly provided

H&T workers with transportation to and from work "in furtherance of" their unlawful

presence in the United States. We will affirm the judgment of the District Court.