NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

NOV 18 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

  v.

HONGJIANG YANG,

        Defendant - Appellant.

No. 25-1692

D.C. No.
1:24-cr-00010-RVM-1

MEMORANDUM*

Appeal from the District of Northern Mariana Islands
Ramona V. Manglona, Chief District Judge, Presiding

Argued and Submitted September 24, 2025
Saipan, Northern Mariana Islands

Before: MURGUIA, Chief Judge, and McKEOWN and RAWLINSON, Circuit
Judges.

Hongjiang Yang ("Yang") appeals from his conviction for conspiring to

transport, as well as aiding and abetting the transportation of, a noncitizen who has

come to, entered, or remains in the United States unlawfully under 8 U.S.C. § 1324

(a)(1)(A)(ii) and (v)(I)-(II). We have jurisdiction pursuant to 28 U.S.C. § 1291.

We affirm as to the sufficiency of the indictment, the admission of testimonial

---

     *     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

evidence, and the jury instructions. We reverse the denial of the motion for judgment of acquittal and remand for further consideration.

We review *de novo* a challenge to the sufficiency of an indictment where, as here, Yang raised his challenge before trial. *United States v. Solakyan*, 119 F.4th 575, 590 (9th Cir. 2024), *cert. denied*, No. 24-1066, 2025 WL 2823712 (U.S. Oct. 6, 2025). Yang's superseding indictment was sufficient because it "contain[ed] the elements of the charged crime in adequate detail to inform [him] of the charge." *Id.* (quoting *United States v. Kaplan*, 836 F.3d 1199, 1216 (9th Cir. 2016)). Yang's argument that the indictment presented an invalid legal theory is unavailing.

We review for abuse of discretion the district court's admission of evidence. *United States v. Cabrera*, 83 F.4th 729, 736 (9th Cir. 2023), *cert. denied*, 144 S. Ct. 2634 (2024). The district court reasonably admitted testimony on Guamanian customs requirements. The testimony was relevant and supported the inference that the noncitizens sought to hide from the authorities.

We review for abuse of discretion Yang's challenge to the district court's limiting instruction on the customs testimony. *United States v. Hamilton*, 131 F.4th 1087, 1096 (9th Cir. 2025). The district court instructed the jury to consider the testimony on Guamanian customs requirements only in relation to the transportation charge and only insofar as it might be relevant to Yang's intent to

further another noncitizen's unlawful presence.  We discern no abuse of discretion in this instruction.

We review *de novo* whether the district court's jury instructions adequately addressed Yang's theory of the case.  *See United States v. Del Toro-Barboza*, 673 F.3d 1136, 1147 (9th Cir. 2012).  The district court properly declined to instruct the jury that paying for another's transportation is insufficient to establish a transportation conspiracy where such payment was "inherent or incidental" to the defendant's own travel.  This "inherent or incidental" theory is unsupported by the statutory text, advisory guidance, or case law.  *See* 8 U.S.C. § 1324 (a)(1)(A)(ii) (subjecting "[a]ny person who" commits the transportation offense to criminal penalties); U.S.S.G. § 2L1.1(b)(1)(A) (providing a three-level reduction if the immigrants transported are family members); *United States v. Moe*, 781 F.3d 1120, 1124 (9th Cir. 2015) (recognizing the buyer-seller rule as a "narrow exception" to conspiracy liability).

Yang argues that failing to adopt his theory subjects any immigrant transported jointly to liability for the transport of others.  Not so.  Our precedent requires that there be a "direct or substantial relationship" between the transportation and the furtherance of the immigrant's unlawful presence.  *United States v. Moreno*, 561 F.2d 1321, 1323 (9th Cir. 1977).  This standard protects those who act "with no evil or criminal intent."  *Id.*  The district court correctly

applied *Moreno* in its instructions.

Finally, we review *de novo* the district court's denial of Yang's motion for judgment of acquittal based on insufficient evidence. *United States v. Torralba-Mendia*, 784 F.3d 652, 663 (9th Cir. 2015). In reviewing the sufficiency of the evidence, we view the evidence in the light most favorable to the prosecution to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *See United States v. Liberato*, 142 F.4th 1174, 1178 (9th Cir. 2025). To convict Yang of conspiracy and aiding and abetting the transportation of a noncitizen who has come to, entered, or remains in the United States unlawfully, the government needed to prove that Yang had the specific intent to further the unlawful presence of another immigrant. *See Torralba-Mendia*, 784 F.3d at 663; Ninth Circuit Manual of Model Criminal Jury Instructions 4.1, 7.2, 11.1.

The district court denied Yang's motion for judgment of acquittal because it found sufficient evidence that Yang had the specific intent to further the unlawful presence of his wife. Yang's wife had lawful status in the Commonwealth of the Northern Mariana Islands: USCIS retroactively granted her CW-1 petition on January 22, 2024, one month before the government filed its indictment in this case. Given her lawful status, Yang's wife could not have "come to, entered, or

remain[ed] in the United States in violation of law," such that her transportation was in furtherance of any unlawful presence. 8 U.S.C. § 1324 (a)(1)(A)(ii).

We remand for the district court to consider in the first instance whether sufficient evidence supports Yang's conviction as it relates to other noncitizens.

**AFFIRMED IN PART**; **REVERSED IN PART**; and **REMANDED**.